IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC. and | : | |
| THE BABY CLUB OF AMERICA, INC., | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-6792 |
| | : | |
| TOYS "R" US, INC., d/b/a Babies "R" Us, | : | |
| and BABIES "R" US, INC., | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| JAMES L. MCDONOUGH et al., | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-242 |
| | : | |
| TOYS "R" US - DELAWARE, INC., d/b/a | : | |
| Babies "R" Us, and BABIES "R" US, INC. | : | |
| et al., | : | |
|     Defendants. | : | |

**EXPLANATION AND ORDER**

In this antitrust action, defendants Toys "R" Us - Delaware, Inc., et al. ("defendants") have moved to compel the production of recordings and transcripts of conversations recorded by plaintiffs Babyage.com, Inc. and The Baby Club of America, Inc. ("retailer plaintiffs").[1] Each conversation took place between a representative of one of the retailer plaintiffs and a representative of one of the defendants.[2] The retailer plaintiffs allegedly recorded these

---

[1] The issue was brought before the Court by letter brief of the defendants instead of a formal motion. The retailer plaintiffs' response was designated "attorneys eyes only."

[2] These conversations occurred over a multi-year period prior to litigation.

conversations unbeknownst to defendants.[3]  For the reasons set forth below, I will grant defendants' motion to compel the production.

Defendants contend that the surreptitious recordings are immediately discoverable.[4]  The retailer plaintiffs concede that the recordings are discoverable but request that they be permitted to delay production of a recording until after they have deposed the representative of the defendants who had participated in the conversation.  Both parties also agree that the timing of the production is within the discretion of the Court.  If a party wishes to postpone producing a document that it has been asked to produce, it must apply to the Court for a protective order under Fed. R. Civ. Proc. 26(c)(2).  Retailer plaintiffs have failed to do so.  I am willing, however, to overlook this procedural error and to construe their response to the motion to compel that asks for a delay in producing the recordings as a request for a protective order.  I will then entertain the propriety of the application.

Whether to order the immediate production of the recordings under these circumstances can best be decided in the context of the underlying purpose of the civil discovery rules.  As was articulated by the United States Supreme Court in <u>United States v. Proctor & Gamble Co.</u>, 356 U.S. 677, at 682-683 (1958):

> Modern instruments of discovery serve a useful purpose....  They together with pretrial procedures make a trial less a game of blind

---

[3] The issue of the legality of the recordings, and any possible consequences of a find of illegality, is not before me.  Although defendants raise the issue in a footnote, they concede that not enough is currently known about the factual circumstances of the recordings to determine their legality.

[4] Federal Rule of Civil Procedure 26(b)(3) provides in part: "A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party."

> man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.

With this in mind, I find that the retailer plaintiffs' request to conceal the contents of recording from a deponent until after the deposition is unwarranted. The retailer plaintiffs have offered no rationale consistent with the underlying objectives of the civil discovery rules as to why surreptitious recordings should be singled out from any other document, written or electronic. All such documents have the potential for impeachment. There is no reason to believe that a party that would alter testimony to match it to recorded statements would not do the same with regard to e-mails or other such records. See Costa v. AFGO Mechanical Serv., Inc., 237 F.R.D. 21 (E.D.N.Y. 2006).[5] It is most unlikely that I would be asked to delay the production of a document that might impeach the testimony of a witness, or an e-mail from a witness with the potential for impeachment. There is no basis for giving an audio recording exemplary treatment. That the "documents" are audio recordings instead of written or electronic documents has no bearing on the analysis of the retailer plaintiffs' obligation to produce them immediately. As the Supreme Court has stated, litigation is no more "a game of blind man's buff." Procter & Gamble Co., 356 U.S. at 682.

---

[5] In Costa, the Court determined that secret recordings should be treated no differently than other documents, and accordingly, that a delay in production of the secret recordings was unwarranted. Specifically, the Court found there was no reason to believe that a party that would fabricate testimony to conform it to recorded statements would not alter its testimony to conform it to "prior statements made in written documents or other records." Id. at 24. Yet, "rarely do courts authorize the taking of party depositions prior to the production of documents." Id. Accordingly, the court declined to exercise its discretion to permit the plaintiff to delay production of the recordings. Id.

In support of delaying production of the recordings, the retailer plaintiffs argue[6] that a delay would allow them to threaten witnesses with impeachment.  They contend that a witness with prior knowledge of the content of the recording might alter his or her deposition testimony or otherwise to "explain away" the allegedly inculpatory statements.  In contrast, a deponent who merely knows that a recording exists, but who is unenlightened as to its content, will have every incentive to testify truthfully at the outset.  Thus, the retailer plaintiffs argue that the impeachment value of the recorded statements will go unrealized if the recordings are produced immediately.

However, impeachment value alone does not justify a delay where, as here, the disputed statements constitute substantive evidence relevant to the parties' claims and defenses.  Costa, 237 F.R.D. at 25.  The retailer plaintiffs contend that the recorded statements reveal that defendants have been caught "red handed," and that the statements expose a price-fixing scheme that "unambiguously" violates federal antitrust law.  From the point of view of discovery in civil cases, these statements relate directly to plaintiffs' claims.  Statements constituting substantive evidence are discoverable by the persons or parties who made the statements prior to their depositions.  Superior Beverage Co. v. Schweppes (U.S.A.) Ltd., No. 87-3641, 1988 WL 46601, *3 (E.D. Pa. May 3, 1988) (J. Broderick) (denying protective order delaying production of secre

---

[6]This is presumably the showing required under Fed. R. Civ. Proc. 26(c) of "good cause."

recordings where statements constituted evidence relevant to claims and defenses);[7] Costa, 237 F.R.D. at 25.[8]

The retailer plaintiffs are not entitled to unilaterally withhold the recordings and transcripts, even temporarily. No delay is warranted because the arguments advanced do not demonstrate any cause, no less "good cause," for the delay. Fed. R. Civ. Proc. 26(c).

**AND NOW**, this 18th day of October, 2006, it is **ORDERED** that Defendants' motion to compel production of recordings and transcripts of conversations between certain of the retailer plaintiffs and certain defendants' representatives is **GRANTED**. The retailer plaintiffs are ordered to produce these recordings and transcripts on or before October 25, 2006.

_/s/ Anita B. Brody_

ANITA B. BRODY, J.

COPIES VIA ECF ON        TO:            COPIES VIA U.S. MAIL ON      TO:

O:\ABB 2006\Toys R Us recordings order.wpd

---

[7] The retailer plaintiffs attempt to distinguish Schweppes by arguing that the impeachment value of the statements in that case had already been realized because one of the defendants had filed an answer denying plaintiffs' allegations. Indeed, the Court found the impeachment rationale "not applicable" to that case. Schweppes, at * 3. Nonetheless, Schweppes still stands for the proposition that secret recordings are generally discoverable without delay.

[8] But see Snead v. American Export-Isbrandtsen Lines, 59 F.R.D. 148 (E.D. Pa. 1973) (J. Ditter). Snead involved a discovery dispute regarding a secret surveillance videotape of a plaintiff who had claimed personal injuries. The Court permitted defendants to delay producing the tape or answering interrogatories about it until after they had deposed the plaintiff, in order to induce the plaintiff to testify truthfully at his deposition. Id. at 151. ("In discussing personal injury cases, most defense lawyers contend that if a plaintiff knows surveillance films exist, he will tailor what he has to say accordingly.").