IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*, <br> Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*, <br> Defendants. | No. 2:09-cv-06151-AB |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, FOR CERTIFICATION OF SETTLEMENT CLASSES AND FOR PERMISSION TO <u>DISSEMINATE CLASS NOTICE</u>**

All Plaintiffs in the *McDonough* and *Elliott* matters ("Plaintiffs") and Defendants Toys "R" Us, Inc., Babies "R" Us, Inc., Toy "R" Us-Delaware, Inc. (collectively, "BRU" or "Babies "R" Us"), BabyBjörn AB ("BabyBjörn"), Britax Child Safety, Inc. ("Britax"), Kids Line, LLC ("Kids Line"), Maclaren USA, Inc. ("Maclaren"), Medela, Inc. ("Medela"),[1] Peg Perego U.S.A., Inc. ("Peg Perego"), and Regal Lager, Inc. ("Regal Lager") (collectively "Defendants") have agreed to a proposed Settlement Agreement dated January 21, 2011 ("Settlement")[2] of these

---

[1] Counsel for Medela has informed counsel for Plaintiffs and BRU that it is anticipated that Medela will sign the Settlement Agreement by Monday, January 24, 2011.

[2] All Capitalized Terms in this motion will have the same meaning as set forth in the Settlement.

cases (*McDonough* and *Elliott* will collectively be referred to as the "Litigation"). A copy of the Settlement is attached to the memorandum in support of this motion as Exhibit 1.

For the reasons more fully set forth in the accompanying memorandum, Plaintiffs seek preliminary approval of the Settlement on behalf of the Settlement Subclasses defined below:

- "All persons who directly purchased any BabyBjörn baby carrier from Babies 'R' Us within the U.S. for the period February 2, 2000, to April 30, 2005" ("BabyBjörn Settlement Subclass");

- "All persons who directly purchased any Britax car seat from Babies 'R' Us within the U.S. for the period January 1, 1999 to the date of Preliminary Approval" ("Britax Settlement Subclass");

- "All persons who directly purchased any Maclaren stroller from Babies 'R' Us within the U.S. for the period October 1, 1999 to the date of Preliminary Approval" ("Maclaren Settlement Subclass");

- "All persons who directly purchased any Medela Pump In Style breast pump from Babies 'R' Us within the U.S. for the period July 1, 1999 to the date of Preliminary Approval" ("Medela Settlement Subclass");

- "All persons who directly purchased any Peg Perego stroller from Babies 'R' Us within the U.S. for the period July 1, 1999 to the date of Preliminary Approval" ("Peg Perego Stroller Settlement Subclass");

- "All persons who directly purchased any Peg Perego high chair from Babies 'R' Us within the U.S. for the period July 1, 1999 to the date of Preliminary Approval" ("Peg Perego High Chair Settlement Subclass");

- "All persons who directly purchased any Peg Perego car seat from Babies 'R' Us within the U.S. during the period July 1, 1999 to the date of Preliminary Approval("Peg Perego Car Seat Settlement Subclass");

- "All persons who directly purchased any Kids Line Product from Babies 'R' Us within the U.S. for the period January 1, 1999, to December 31, 2006" ("Kids Line Settlement Subclass").

Under the proposed Settlement, Defendants will provide significant monetary benefits to Authorized Claimants in the Settlement Classes. Defendants will pay $35.5 million in cash ("Settlement Amount") into an escrow account as a designated settlement fund. (See Settlement, ¶¶ 1(ee), 11-12.) At Final Approval, Plaintiffs will request that the Court allocate the Net Settlement Fund among the Settlement Classes as follows:

- BabyBjörn Settlement Class: 6%
- Britax Settlement Class: 28%
- Maclaren Settlement Class: 7%
- Medela Settlement Class: 22%
- Peg Perego Stroller Settlement Class: 9%
- Peg Perego High Chair Settlement Class: 4%
- Peg Perego Car Seat Settlement Class: 3%
- Kids Line Settlement Class: 21%

("Individual Settlement Funds"). (See Allocation Order, Exhibit F to the Settlement.)

Each Settlement Class Member must submit a verified claim form with a sworn affidavit with or without documentary proof of the necessary purchase(s) of one or more Settlement Products to be eligible to be paid from any Individual Settlement Fund. (See

Settlement, ¶¶ 18-20; *see also* Claim Form and Allocation Order, Exhibits D and F to the Settlement.) If a Settlement Class Member submits documentary proof of the actual purchase price he or she paid for a Settlement Product which the Claims Administrator determines is valid, the Settlement Class Member may receive up to 20 percent of their actual purchase price of each Settlement Product which he or she purchased. (Ex. F, ¶ 6(a).) If a Settlement Class Member does not submit documentary proof of his or her actual purchase price, but otherwise submits a valid proof of purchase, he or she will be eligible to receive a maximum of three times 20 percent of the estimated retail price (as calculated by Class Counsel using available information) of each Settlement Product which he or she purchased. (Ex. F, ¶ 6(b).) If a Settlement Class Member does not submit any proof of purchase or purchase price at all, but otherwise submits a valid, sworn and timely Claim Form, he or she will be eligible to receive a one-time payment of $5.00 from each Individual Settlement Fund(s) for which he or she is eligible.[3] (Ex. F, ¶ 6(c).)

As detailed in the accompanying memorandum, this Settlement should be preliminarily approved because Plaintiffs can establish an initial presumption of fairness. *See* 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:41 (4th ed. 2002) (noting that courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.") Because this Court's preliminary evaluation of the Settlement will not disclose grounds to doubt its fairness or other

---

[3] However, depending on the number of claims submitted for payment from each Individual Settlement Fund, each claim may be subject to certain pro rata enhancements or reductions, except that claims of Settlement Class Members that do not submit any proof of purchase or purchase price are not subject to any enhancements under any circumstances, but may be subject to certain pro rata reductions. (Ex. F, ¶¶ 7-11.) If the claims submitted would exhaust a particular Individual Settlement Fund, the claims may be subject to pro rata reductions.[3] (Ex. F, ¶¶ 8-9.) If the claims submitted do not exhaust an Individual Settlement Fund, the claims may be enhanced up to three times the authorized claims. (Ex. F, ¶ 7.) Individual Settlement Funds that pay each Authorized Claimant less than three times his or her Authorized Claim could receive excess funds from Individual Settlement Funds that can make such payments, subject to certain conditions. (Ex. F, ¶¶ 10-11.)

obvious deficiencies, and the Settlement appears to fall within the range of possible approval, the Court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the Settlement. *See Manual for Complex Litigation* § 21.633 (4th ed. 2004).

WHEREFORE, Plaintiffs respectfully request that the Court:

(a)   enter the proposed Preliminary Approval Order;

(b)   order that the *McDonough* and *Elliott* matters be consolidated for purposes of settlement only;

(c)   preliminarily approve the parties' proposed Settlement Agreement:

(d)   certify the following Rule 23(b)(3) Settlement Subclasses for settlement purposes only:

- "All persons who directly purchased any BabyBjörn baby carrier from Babies 'R' Us within the U.S. for the period February 2, 2000, to April 30, 2005" ("BabyBjörn Settlement Subclass");

- "All persons who directly purchased any Britax car seat from Babies 'R' Us within the U.S. for the period January 1, 1999 to the date of Preliminary Approval" ("Britax Settlement Subclass");

- "All persons who directly purchased any Maclaren stroller from Babies 'R' Us within the U.S. for the period October 1, 1999 to the date of Preliminary Approval" ("Maclaren Settlement Subclass");

- "All persons who directly purchased any Medela Pump In Style breast pump from Babies 'R' Us within the U.S. for the period July 1,

1999 to the date of Preliminary Approval" ("Medela Settlement Subclass");

- "All persons who directly purchased any Peg Perego stroller from Babies 'R' Us within the U.S. for the period July 1, 1999 to the date of Preliminary Approval" ("Peg Perego Stroller Settlement Subclass");

- "All persons who directly purchased any Peg Perego high chair from Babies 'R' Us within the U.S. for the period July 1, 1999 to the date of Preliminary Approval" ("Peg Perego High Chair Settlement Subclass");

- "All persons who directly purchased any Peg Perego car seat from Babies 'R' Us within the U.S. during the period July 1, 1999 to the date of Preliminary Approval ("Peg Perego Car Seat Settlement Subclass");

- "All persons who directly purchased any Kids Line from Babies 'R' Us within the U.S. for the period January 1, 1999, to December 31, 2006" ("Kids Line Settlement Subclass").

(e) appoint The Garden City Group, Inc. as the class action administrator;

(f) order notice of the proposed settlement to class members; and

(g) enter the following schedule, or another schedule at the convenience of the Court for final approval proceedings:

(i) Last day to complete class notice: May 30, 2011;

(ii) Last day to file papers in support of final approval of the settlement and any application for incentive awards, and attorneys' fees and expenses: June 6, 2011;

(iii) Last day for Class members to file comments in support of, or in objection to, the settlement and/or fee application: June 13, 2011;

(iv) Last day for class members to request exclusion from the Settlement Class: June 13, 2011;

(v) Last day for responses to any objections to the settlement and/or fee application: June 20, 2011;

(vi) Fairness Hearing: Any day on or after June 27, 2011 at the Court's convenience.

Dated: January 21, 2011                           Respectfully submitted,

s/ Eugene A. Spector
Eugene A. Spector
William G. Caldes
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 West Lake Street, Suite 400
Oak Park, IL 60301
Tel.: (708) 628-4949
Fax: (708) 628-4950

Steve W. Berman
Anthony D. Shapiro
George W. Sampson
Ivy Arai Tabbara
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

Mary Jane Fait
Theodore B. Bell
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Tel.: (312) 984-0000
Fax: (312) 984-0001

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLC
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

**CLASS COUNSEL FOR THE SUBCLASSES**