## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*, <br><br> Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*, <br><br> Defendants. | No. 2:09-cv-06151-AB |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND PROVIDING FOR NOTICE

WHEREAS, Plaintiffs in the above captioned matters individually, and as representatives of the subclasses they represent and the Settlement Subclasses described below that they seek to represent, and Defendants Toys "R" Us, Inc., Babies "R" Us, Inc ., Toy "R" Us-Delaware, Inc. (collectively, "BRU" or "Babies "R" Us"),[1] BabyBjörn AB ("BabyBjörn"), Britax Child Safety,

---

[1] Throughout this Order, the term "Babies "R" Us" is used as a defined term for defendants Toys "R" Us, Inc., Babies "R" Us, Inc. and Toys "R"Us-Delaware, Inc. and is not a reference to the particular stores at issue.  However, the Notice, Publication Notice, and Claim Form at times use the more familiar names of the stores from which Settlement Class Members could have made qualifying purchases: Babies "R" Us and Toys "R" Us.

Inc. ("Britax"), Kids Line, LLC ("Kids Line"), Maclaren USA, Inc. ("Maclaren"), Medela, Inc. ("Medela"), Peg Perego U.S.A., Inc. ("Peg Perego"), and Regal Lager, Inc. ("Regal Lager")[2] (collectively "Defendants") have agreed to a proposed Settlement Agreement dated January 21, 2011 ("Settlement"),[3] which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which sets forth the terms and conditions for the proposed settlement of these cases; and the District Court having read and considered Plaintiffs' Motion for Preliminary Approval; the Settlement Agreement, the proposed Notice of Pendency of Class Action and Proposed Settlement, the proposed Summary Notice of Pendency and Proposed Settlement of Class Action, the proposed form of the Proof of Claim and Release, the proposed form of Order and Final Judgment relating to the Settlement, and the Declaration of Mary Jane Fait, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms in this Order having the meanings defined in the Settlement Agreement;

IT IS **ORDERED**, that Plaintiffs' Motions for Preliminary Approval (ECF Nos. 698 and 38) are **GRANTED** as follows:

1.    **Consolidation.**  Pursuant to Fed. R. Civ. P. 42(a), the above-captioned cases are consolidated for purposes of Settlement only.  These cases may be collectively referred to as *In Re Baby Products Antitrust Litigation.*

2.    **Preliminary Approval.**  The terms of the Settlement are approved on a preliminary basis, and, Defendants are ordered to make the respective contributions to the Settlement Fund provided for by the Settlement Agreement in accordance with its terms.  The Settlement Fund shall be maintained in escrow by the Settlement Trustees as provided for in the Settlement Agreement.  All proceedings in the Baby Products Antitrust Litigation, other than

---

[2] The "Manufacturer Defendants" are BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager.

[3] The Settlement Agreement can be found at ECF No. 699-1 in the *McDonough* action and No. 39-1 in the *Elliott* action.

those necessary to administer and evaluate the Settlement pursuant to Rule 23 are stayed until further order of the Court.

3.    **Preliminary Certification of Settlement Subclasses.** Pursuant to Rule 23(a) and (b)(3) of the *Federal Rules of Civil Procedure* and for the purposes of the *Settlement* only, the following subclasses are certified:

(a)    All persons who directly purchased any BabyBjörn baby carrier distributed by Regal Lager from Babies "R" Us within the U.S. during the period February 2, 2000, to April 30, 2005. Plaintiffs Julie Lindemann, Melissa Nuttall, Sara Shuck, Lawrence McNally, and Stephanie Bozzo are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(b)    All persons who directly purchased any Britax car seat from Babies "R" Us within the U.S. during the period January 1, 1999 to the date of this Order. Plaintiffs Melissa Nuttall, Ariel Elliott, and Kristi Monville are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(c)    All persons who directly purchased any Kids Line product from Babies "R" Us within the U.S. during the period January 1, 1999 to December 31, 2006. Plaintiffs Beth Hellman and Kelly Pollock are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(d)    All persons who directly purchased any Maclaren stroller from Babies "R" Us within the U.S. during the period October 1, 1999, to the date of this Order. Plaintiffs Yossi Zarfati and Christine Brooke Logan are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(e)    All persons who directly purchased any Medela Pump In Style breast

pump from Babies "R" Us within the U.S. during the period July 1, 1999, to the date of this Order. Plaintiffs Stephanie Bozzo, Darcy Trzupek, and Kristi Monville are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(f)     All persons who directly purchased any Peg Perego stroller from Babies "R" Us within the U.S. during the period July 1, 1999, to the date of this Order. Plaintiffs Stephanie Bozzo, Carol McDonough, Lawrence McNally, and Elizabeth Starkman are certified as the Settlement Subclass Representatives for this Settlement Subclass.

(g)     All persons who directly purchased any Peg Perego high chair from Babies "R" Us within the U.S. during the period July 1, 1999 to the date of this Order. Plaintiff Sarah Otazo is certified as the Settlement Subclass Representative for this Settlement Subclass.

(h)     All persons who directly purchased any Peg Perego car seat from Babies "R" Us within the U.S. during the period July 1, 1999 to the date of this Order. Plaintiffs Lawrence McNally and Stephanie Bozzo are certified as the Settlement Subclass Representatives for this Settlement Subclass.

4.     **Preliminary Rule 23 Findings.** The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for each Settlement Subclass: (a) the number of Settlement Class Members is so numerous that joinder of all  Settlement Class Members is impracticable; (b) there are questions of law and fact common to each member of the Settlement Subclasses; (c) the claims of the Settlement Subclass Representatives are typical of the claims of the respective Settlement Subclasses they seek to represent; (d) the Settlement Subclass Representatives will fairly and adequately represent the interests of the respective Settlement Subclasses they seek to represent; (e) the questions of law and fact common to the

4

members of the Settlement Subclasses predominate over any questions affecting only individual members of the Settlement Subclasses; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Class Counsel.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Hagens Berman Sobol Shapiro LLP, Spector Roseman Kodroff & Willis, P.C., and Wolf Haldenstein Adler Freeman & Herz LLC are appointed as Class Counsel for the Settlement Subclasses. Class Counsel has the authority to enter into the Settlement Agreement on behalf of the Settlement Subclasses and is authorized to act on behalf of the members of the Settlement Subclasses with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement.

6. **Claims Administrator.** The Court also appoints The Garden City Group, Inc. ("GCG") as the Claims Administrator to carry out those acts set forth in the Settlement Agreement, by agreement of Class Counsel and Defendants, or as set forth in any future order of the Court.

7. **Notice.**

(a) The District Court approves the form, substance and requirements of (a) the Notice[4] and Publication Notice, attached hereto as Exhibits 1 and 2 respectively,[5] and (b) the Claim Form, attached as Exhibit 3. The last day to complete class notice is May 31, 2011.

(b) The form and method of notifying the Settlement Subclasses of the

---

[4] The attached Notice reflects revisions made by the Court. These revisions were incorporated after counsel was given an opportunity to convey any objections to these changes.

[5] Additional but minor revisions to these notices are necessary to reflect the contents of this Order. For example, the Publication Notice must be modified to reflect the deadlines in this Order.

Settlement and its terms and conditions set forth in the Declaration of Jeanne C. Finegan, APR[6], meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.  Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

      (c)     Class Counsel shall cause the Notice, Publication Notice and Claim Form, substantially in the forms annexed hereto, to be distributed as set forth in the Finegan Declaration.

      (d)     Class Counsel, or the Claims Administrator, also will provide electronic addressing that links to a landing page www.babyproductsantitrustsettlement.com where an electronic downloadable version of the Notice and Claim Form may be found. The Notice and Claim Form will remain on the webpage continuously until the first business day following the Claim Deadline or until the termination of the Settlement Agreement, whichever is later.

      (e)     Class Counsel shall post the Notice and Claim Form on their respective websites. The Notice and Claim Form will remain posted on Class Counsel's websites until the first business day following the Claim Deadline or until the termination of the Settlement Agreement, whichever is later.

      (f)     Class Counsel shall, at or before the Fairness Hearing, file with the District Court an affidavit or declaration by a competent affiant or declarant, attesting that the Notice and Publication Notice have been disseminated and published in accordance with this Order.

---

[6] This Declaration can be found at ECF No. 699-3 in the *McDonough* action and No. 39-3 in the *Elliott* action.

8.     **Claims Deadline.**  In order to be entitled to participate in the Settlement Fund, as defined in the Settlement Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form as Exhibit 3, must be submitted to the Claims Administrator, via electronic submission, facsimile transmission, or at the Post Office Box indicated in the Notice, postmarked not later than August 1, 2011. Such deadline may be further extended by Order of the District Court.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received prior to the filing of a motion for an Order of the District Court approving distribution of the Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must satisfy the conditions set forth in the Settlement Agreement and Notice.

(c)     Once the Claims Administrator has considered a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. If within the time provided, the Class Member cures the deficiencies identified by the Claims Administrator, and the Claims Administrator thereafter determines that the Class Member's Claim is complete, the Claims Administrator shall include the Class Member in the List of Class Members who have been determined by the Claims Administrator to be eligible to

7

receive Settlement Payments under the Allocation Order.

        (d)     As part of the proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the District Court with respect to the claim submitted.

     9.    **Requests for Exclusion.**

        (a)     Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Subclasses in a timely and proper manner.

        (b)     A Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than June 6, 2011 to the Post Office Box address listed in the Notice.  Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement Subclasses (as defined in the Settlement Agreement), and must be signed by such person.  The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the District Court.

        (c)     Class Members requesting exclusion from the Settlement Subclasses shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Agreement and Notice.

     10.    **Comments or Objections.**

        (a)     The District Court will consider comments and/or objections to the Settlement from Settlement Class Members, only if such comments or objections and any supporting papers are served no later than June 6, 2011 upon each of the following:

Eugene A. Spector
SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

Mark L. Weyman
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450

CO-LEAD COUNSEL FOR PLAINTIFFS
AND THE SETTLEMENT SUBCLASSES

COUNSEL FOR DEFENDANTS TOYS "R"
US, INC., BABIES "R" US, INC., TOYS "R"
US-DELAWARE, INC.

and the objector has filed said objections, papers and briefs, showing due proof of service upon

counsel identified above, with the Clerk of the Court, United States District Court for the Eastern

District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106-1797.

(b)     Attendance at the hearing is not necessary; however, persons wishing to be

heard orally in opposition to the approval of the Settlement are required to indicate in their

written objection their intention to appear at the hearing.

(c)     In order to object, the Settlement Class Member must include in the

objection submitted to the Court and served on Class Counsel and Defendants' Counsel: (i) the

name, address, telephone number of the Person objecting and, if represented by counsel, of

his/her counsel; and (ii) a proper, validly sworn claim form and/or proof of purchase of a

Settlement Product. An objecting Settlement Class Member must state, specifically and in

writing, all objections and the basis for any such objections, and provide a statement of whether

he/she intends to appear at the Fairness Hearing, either with or without counsel.

(d)     Any Settlement Class Member who fails to file and serve timely a written

objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this

Paragraph, as detailed in the Notice, shall not be permitted to object to the approval of the

Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the

Settlement or the terms of the Agreement by appeal or other means.

(e)     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement and the Order and Final Judgment to be entered approving the Settlement.

(f)     Responses to objections must be filed by June 13, 2011.

11.     **Fairness Hearing.**

(a)     All papers in support of the Settlement and any application for attorneys' fees or expenses shall be filed and served by May 24, 2011.

(b)     A hearing (the "Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the District Court on  July 6, 2011 at  10 a.m. in Courtroom 7-B on the 7th Floor of the U.S. Courthouse, 601 Market St., Philadelphia, PA for the following purposes:

(i)      to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(ii)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the District Court;

(iii)    to determine whether the Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses as provided under the Settlement Agreement should be entered, dismissing the Litigation, on the merits and with prejudice, and to determine whether the release by the Settlement Class Members of the Releasees, as set forth in the Settlement Agreement, should be ordered;

(iv)     to determine whether the Allocation Order should be entered;

(v)      to consider the application of Class Counsel for an award of attorneys' fees and expenses and determine whether the Fee and Expense Order should be entered; and

10

(vi)    to rule upon such other matters as the District Court may deem appropriate.

12.    **Right to Approve.** The District Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The District Court further reserves the right to enter its Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses approving the Settlement Agreement and dismissing the Litigation, on the merits and with prejudice, regardless of whether it has approved the Allocation Order or Fee and Expense Order.

13.    **Right to Adjourn.** The District Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof without any further notice other than an announcement at the Fairness Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Settlement Subclasses.

14.    **Restrictions on Class Members.** Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action which asserts Released Claims against any of the Releasees.

15.    **Unconsummated Settlement.** In the event that the Settlement shall not be consummated pursuant to its terms, the Settlement Agreement, except as otherwise provided in the Settlement Agreement, including any amendment(s), and this Order Preliminarily Approving Settlement and Providing For Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

16.    **Jurisdiction.** The District Court retains exclusive jurisdiction over the action to

11

consider all further matters arising out of, or connected with, the Settlement.

17. **Deadlines.**

- Class notice must be complete by **May 31, 2011**

- Papers in support of final approval of the settlement and any application for incentive awards, attorneys' fees, and expenses due **May 24, 2011**

- Comments in support of, or in objection to, the settlement and/or fee application due **June 6, 2011**

- Requests for exclusion from the Settlement Subclasses due **June 6, 2011**

- Responses to any objections to the settlement due **June 13, 2011**

- Fairness Hearing scheduled for **July 6, 2011** at 10 a.m.

- All claims must be postmarked by or received by Claims Administrator by **August 1, 2011**

**SO ORDERED.**

Dated: _January 31_, 20_11_

_____
Judge Anita Brody

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

ABB 2011\L –Z\McDonough Elliott Preliminary Approval Order

Exhibit 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# If you purchased certain baby products from Babies "R" Us, a class action settlement may affect you.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide up to $35.5 million to consumers who purchased the following baby products from Babies "R" Us or Toys "R" Us in the U.S.:

| | Purchased between: |
|---|---|
| BabyBjörn baby carrier | 2/2/00 - 4/30/05 |
| Britax car seat | 1/1/99 - |
| any Kids Line product | 1/1/99 - 12/31/06 |
| Maclaren stroller | 10/1/99 - |
| Medela Pump In Style breast pump | 7/1/99 - |
| Peg Perego car seat | 7/1/99 - |
| Peg Perego high chair | 7/1/99 - |
| Peg Perego stroller | 7/1/99 - |

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Babies "R" Us and the baby product manufacturers above about the legal claims in this case. |
| OBJECT | Write to the Court about the fairness of the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Get no payment. Give up rights. |

- Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

Questions? Visit www.babyproductsantitrustsettlement.com or call 1-888-292-8492.
*Para ver un aviso en español, llame el 1-888-292-8492*

| WHAT THIS NOTICE CONTAINS |
|---|

**I. BASIC INFORMATION** ................................................................................................. **3**

   1.  Why have I received this notice? ...........................................................................3

   2.  What are these lawsuits about? .............................................................................3

   3.  What is a class action? ........................................................................................3

   4.  What is the current status of the lawsuits? ...........................................................4

   5.  Why did the Plaintiffs and Defendants agree to settle?.........................................4

**II. WHO IS IN THE SETTLEMENT** ................................................................................. **4**

   1.  What kinds of purchases qualify me to receive money from the settlement? ...................4

   2.  How do I know if I am a member of a Settlement Subclass?.........................................4

   3.  Can I be in more than one Settlement Subclass?.........................................................5

   4.  What if I still do not know whether I am a member of one or more of the Settlement Subclasses?........................................................................................................5

**III. THE SETTLEMENT BENEFITS** ................................................................................. **6**

   1.  How will the funds from the settlement be distributed? ................................................6

   2.  From which Individual Settlement Funds am I eligible to receive money?.......................7

   3.  How will the proceeds from the Individual Settlement Funds be distributed? .................7

   4.  What does the proposed settlement and proposed allocation provide to the Settlement Subclasses?...................................................................................................7

**IV. SUBMITTING A CLAIM FORM** ................................................................................. **7**

   1.  How do I receive money from the settlement?............................................................7

**V. THE LAWYERS AND CONSUMERS REPRESENTING YOU** ..................................... **8**

   1.  Do I have a lawyer in this case?.............................................................................8

   2.  How will the lawyers be paid?...............................................................................8

   3.  Will the Plaintiffs receive anything for the time and effort they contributed to the lawsuit? .........9

**VI. OBJECTING TO THE SETTLEMENT** ........................................................................ **9**

   1.  How do I object to part of the settlement? ..............................................................9

**VII. EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................. **10**

   1.  How do I ask the Court to exclude me from the settlement? .......................................10

   2.  Why would I ask to be excluded? .........................................................................10

**VIII. THE COURT'S FAIRNESS HEARING** ................................................................... **11**

   1.  When and where will the Court decide whether to approve the settlement? .................11

   2.  Do I have to come to the hearing?.........................................................................11

**IX. IF YOU DO NOTHING** .............................................................................................. **11**

**X.  GETTING MORE INFORMATION** ............................................................................ **11**

## I.   BASIC INFORMATION

### 1.   Why have I received this notice?

You may have purchased an eligible baby product from Babies "R" Us. The Court sent you this notice because if you have purchased certain baby products, you have a right to know about a proposed settlement of a lawsuit before the Court decides whether to approve the settlement.

This package explains the lawsuit, the settlement, your legal rights, how to opt out of the settlement, what benefits are available, who is eligible for them, and how to get them. Receipt of this notice does not necessarily mean that you are entitled to receive money from the settlement.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania, and the cases are known as *McDonough v. Toys 'R' Us, et al.*, No. 2:06-cv-0242-AB and *Elliott v. Toys 'R' Us, et al.*, No. 2:09-cv-06151-AB. The people who brought these cases are called Plaintiffs, and the companies that they sued are called the Defendants.

### 2.   What are these lawsuits about?

Two groups of consumers sued Toys "R" Us, Inc. doing business as Babies "R" Us; Babies "R" Us, Inc.; Toys "R" Us-Delaware, Inc. (collectively referred to as "Babies "R" Us"); BabyBjörn AB; Britax Child Safety, Inc.; Kids Line, LLC; Maclaren USA, Inc.; Medela, Inc.; Peg Perego U.S.A., Inc.; and Regal Lager, Inc., who was Baby Björn's distributor. The consumers claimed that Babies "R" Us conspired with each of these manufacturers to implement and enforce policies that would prevent competitors of Babies "R" Us from discounting certain baby products.

The consumers argued that the alleged conduct suppressed or eliminated competition that Babies "R" Us faced from Internet retailers in violation of federal antitrust laws. As a result, the consumers claim that Babies "R" Us overcharged consumers for these products.

The companies being sued in these lawsuits dispute these claims. They deny engaging in any conspiracies or any other unlawful conduct. No court or other authority has found that the Defendants participated in any wrongdoing.

### 3.   What is a class action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of people who have similar claims. All of these people are called a "Class," and they are individually called a "Class Member." In these lawsuits, there are "Subclasses" based on the kind of baby product a Class Member purchased. People who purchased more than one relevant baby product will be a member of more than one Subclass. One court resolves the issues for all of the Class Members—except for those people who choose to exclude themselves. U.S. District Court Senior Judge Anita B. Brody is overseeing these class action lawsuits.

### 4. What is the current status of the lawsuits?

Several lawsuits were originally filed in early 2006, and the cases were combined with the *McDonough* class action lawsuit. On December 28, 2009, the *Elliott* class action lawsuit was also filed before Judge Brody. On January 21, 2011, the Plaintiffs and Defendants in both lawsuits agreed to combine and settle both cases together. On January [ ], 2011, the Court gave preliminary approval to the settlement.

### 5. Why did the Plaintiffs and Defendants agree to settle?

Although the Court has not ruled on the merits of the Plaintiffs' claims, the Plaintiffs have agreed to settle the lawsuits with Babies "R" Us, BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager. Based on Plaintiffs' lawyers' thorough investigation of the facts and the laws relevant to the lawsuit, the Plaintiffs and their lawyers have concluded that the settlement with Babies "R" Us, BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager is in the best interests of the Class Members.

Babies "R" Us, BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager still deny that they acted unlawfully in any way and they have vigorously defended against all of the Plaintiffs' claims. The proposed settlement does not mean in any way that the Defendants admit that any of Plaintiffs' claims are true, and it does not mean that the Court has decided in favor of Plaintiffs or Defendants. The settlement allows everyone to avoid the substantial costs of a trial and gives the people affected compensation.

## II. WHO IS IN THE SETTLEMENT

### 1. What kinds of purchases qualify me to receive money from the settlement?

Whether you are a Class Member – and thus eligible to receive money from the settlement – depends on where it was purchased, the type of baby product you purchased, and when it was purchased. If you purchased one or more of the specific baby products from Babies "R" Us or Toys "R" Us during specific time periods, then you are eligible to participate in one or more of the Settlement Subclasses.

### 2. How do I know if I am a member of a Settlement Subclass?

The Court has preliminarily decided that persons and entities that purchased certain baby products in the United States directly from Babies "R" Us or Toys "R" Us during specific time periods are Class Members. The Class has been separated into subclasses based on the type and manufacturer of the baby product. You can determine if you are part of one or more of the Settlement Subclasses by using the following chart:

| Subclass | Date of Purchase from Babies "R" Us or Toys "R" Us | Product Purchased | Percentage of the Settlement Amount that the Entire Subclass May Receive |
|---|---|---|---|
| **BABYBJÖRN SUBCLASS** | February 2, 2000 through April 30, 2005 | Any BabyBjörn baby carrier | 6% |
| **BRITAX SUBCLASS** | January 1, 1999 through | Any Britax car seat | 28% |
| **KIDS LINE SUBCLASS** | January 1, 1999 through December 31, 2006 | Any Kids Line Product | 21% |
| **MACLAREN SUBCLASS** | October 1, 1999 through | Any Maclaren stroller | 7% |
| **MEDELA SUBCLASS** | July 1, 1999 through | Any Medela Pump in Style breast pump | 22% |
| **PEG PEREGO CAR SEAT SUBCLASS** | July 1, 1999 through | Any Peg Perego car seat | 3% |
| **PEG PEREGO HIGH CHAIR SUBCLASS** | July 1, 1999 through | Any Peg Perego high chair | 4% |
| **PEG PEREGO STROLLER SUBCLASS** | July 1, 1999 through | Any Peg Perego stroller | 9% |

**3.      Can I be in more than one Settlement Subclass?**

Yes.  If you fit into the definition of more than one of the Settlement Subclasses, then you are a member of more than one Settlement Subclass, unless you exclude yourself from one or more of them.

**4.      What if I still do not know whether I am a member of one or more of the Settlement Subclasses?**

If you still do not know whether you are included in one or more of the Settlement Subclasses, you can ask for free help.  You can visit www.babyproductsantitrustsettlement.com, call 1-888-292-8492, or write to:

Baby Products Antitrust Litigation
c/o The Garden City Group, Inc.

P.O. Box 9679
Dublin, Ohio 43017-4979

## III.    THE SETTLEMENT BENEFITS

### 1.    How will the funds from the settlement be distributed?

Settlement funds will be distributed only after the Court approves the settlement and the proposed distribution of the money amongst the subclasses.

The funds from the settlement have been deposited into an interest-bearing escrow account. Such settlement funds, less any amounts approved by the Court for payment of attorneys' fees, reimbursement of litigation expenses, and incentive awards to Settlement Subclass Representatives, will be apportioned among the Settlement Subclasses in accordance with an Allocation Order to be entered by the Court. Each Settlement Subclass Member will be eligible to receive proceeds from the Individual Settlement Fund(s) for the Settlement Subclass(es) in which he or she is a member.

For each Settlement Subclass, the Individual Settlement Fund will be distributed to members of that Settlement Subclass who do not request exclusion from that subclass and who file a proper, validly sworn and timely Claim Form ("Authorized Claimant"). Authorized Claimants who submit documents that the Claims Administrator determines are valid proof of purchase and purchase price shall be entitled to a payment from each Settlement Subclass Fund for which they are eligible in the amount of 20 percent of their actual purchase price of each Settlement Product, or $5.00, whichever is greater, subject to certain enhancements or reductions. Authorized Claimants who submit documents that the Claims Administrator determines are valid proof of purchase but do not submit proof of an actual purchase price shall be entitled to a payment from each Settlement Subclass Fund for which they are eligible in the amount of 20 percent of the estimated retail price (as calculated by Class Counsel) of each Settlement Product, or $5.00, whichever is greater, subject to certain enhancements or reductions. Authorized Claimants who do not submit documents that the Claims Administrator determines are valid proof of purchase shall be entitled to a payment from each Settlement Subclass Fund for which they are eligible in the maximum amount of $5.00, subject to certain reductions.

In any case, the amount of an Authorized Claimant's distribution may not exceed three times the approved claims for each Authorized Claimant. If you are a member of more than one Settlement Subclass, you are eligible to receive settlement proceeds based on your membership in each Settlement Subclass.

Once the Court grants final approval to the settlement, the distribution will take place as soon as practicable after review, determination, and audit of the Claim Forms by the Claims Administrator and approval by the Court of the Claims Administrator's recommendations as to the specific amounts to be paid to the Claimants.

Once the deadlines for Settlement Class Members to submit verified Claim Forms has passed, the Claims Administrator will determine if the claims of Authorized Claimants would exhaust any of the Individual Settlement Funds. As further described in the proposed Allocation Order,

in the event that there are excess funds allocated to one or more of the Settlement Subclasses after the claims are satisfied, any such excess funds will be reallocated to exhausted Individual Settlement Funds and, subsequently, to provide up to three times each claimant's approved claim.

### 2. From which Individual Settlement Funds am I eligible to receive money?

If you are a member of one or more of the Settlement Subclasses, you are eligible to receive a distribution from the Individual Settlement Fund for each Settlement Subclass of which you are a member.

### 3. How will the proceeds from the Individual Settlement Funds be distributed?

Each Individual Settlement Fund will be distributed among the members of the respective Settlement Subclasses that do not request exclusion and who file timely and valid Proofs of Claim. The distribution will be made pursuant to an allocation order to be entered by the Court, the proposed form of which is available at www.babyproductsantitrustsettlement.com.

### 4. What does the proposed settlement and proposed allocation provide to the Settlement Subclasses?

As part of the proposed settlement, the Defendants have agreed to make payments totaling $35,500,000 to the Settlement Fund. Class Counsel and Plaintiffs propose to allocate the Net Settlement Fund—after payments of attorneys' fees, reimbursement of litigation expenses, and incentive awards to Settlement Class Representatives—among each Settlement Subclass based upon the percentage of the overall estimated alleged damages each Settlement Subclass represents. The proposed allocations are described in the chart in Part II and may be adjusted by the Court.

In exchange, Settlement Class Members give up all legal rights to sue Babies "R" Us, BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager for the claims in the *McDonough* and *Elliott* cases. The Defendants will be released from all claims of Class Members for all purchases of relevant baby products during the respective Settlement Subclass periods as more fully described in the Release and Discharge provisions contained in the Settlement Agreement. Even if you choose to object, attend the Fairness Hearing, hire your own lawyer or do nothing at all, if you are a Class Member you will be bound by the Settlement Agreement unless you properly request exclusion.

## IV.   SUBMITTING A CLAIM FORM

### 1. How do I receive money from the settlement?

To obtain money from the Settlement, you must complete and submit the Claim Form included at the back of this notice. This notice is also available at www.babyproductsantitrustsettlement.com. If you belong to more than one Settlement Subclass,

you only need to submit one Claim Form.

The Claim Form must be postmarked, faxed, or submitted online by **August 1, 2011**. Any member of any Settlement Subclass that does not complete and timely return the Claim Form will not be entitled to share in any settlement proceeds unless the Court permits otherwise.

**WARNING:   There are companies that may contact Class Members upon learning of a pending class action distribution and offer to help Class Members file claim forms in exchange for a share of the money that the Class Members may ultimately recover. Please be advised that you do not need to use one of these companies. Assistance is available from the Claims Administrator at no cost to you.**

## V.      THE LAWYERS AND CONSUMERS REPRESENTING YOU

### 1.      Do I have a lawyer in this case?

Yes.  The Court has appointed the following law firms to represent the Settlement Subclasses:

**SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 496-0300
www.srkw-law.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1144 West Lake Street, Suite 400
Oak Park, IL  60301-1043
(708) 628-4949
www.hbsslaw.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, IL  60603
(312) 984-0000
www.whafh.com

These three firms are referred to as "Class Counsel."  They are experienced in handling antitrust class actions.  More information about these law firms, their practices, and their lawyers' experience is available at their websites.

You will not be personally charged for the services of Class Counsel in litigating these cases. You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may hire one at your own expense.

### 2.      How will the lawyers be paid?

Since they filed this case, Class Counsel has not received any payment for their services in

8

prosecuting the lawsuit, nor have they been reimbursed for any out-of-pocket expenses. If the Court approves the proposed settlement, Class Counsel will ask the Court to award them fees of up to 33 1/3 % of the settlement, plus reimbursement of expenses that they incurred in litigation and administering the settlement fund. After this motion is filed with the Court, a copy of this motion will be available at www.babyproductsantitrustsettlement.com. Defendants have agreed not to oppose such an award of fees and expenses.

Any attorneys' fees and reimbursement of litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. If you wish to object to the petition for attorneys' fees and reimbursement of litigation expenses, you may do so, but only by following the instructions in Part VI.

### 3.   Will the Plaintiffs receive anything for the time and effort they contributed to the lawsuit?

Yes. The *McDonough* lawsuit was filed by Plaintiffs Carol McDonough, Sara Shuck, Lawrence McNally, Melissa Nuttall, Julie Lindemann, Stephanie Bozzo, Darcy Trzupek and Yossi Zarfati. The *Elliott* lawsuit was filed by Plaintiffs Ariel Elliott, Beth Hellman, Christine Brooke Logan, Kristi Monville, Sarah Otazo, Kelly Pollock, and Elizabeth Starkman.

As part of the settlement, Class Counsel will ask the Court to award the Plaintiffs $2,500.00 each for the time and effort they contributed to the prosecution of this litigation. These awards would be paid from the settlement.

## VI.   OBJECTING TO THE SETTLEMENT

### 1.   How do I object to part of the settlement?

Only members of one or more of the eight Settlement Subclasses who do not request exclusion from the settlement may object. Members can object to (1) the proposed Settlement Subclass allocations or distributions; (2) Class Counsel's request for an award of attorney's fees and reimbursement of litigation expenses; (3) Class Counsel's request for incentive awards for the Plaintiffs; or (4) anything else about the proposed settlement.

If you wish to make an objection, you must mail your written objection to, or file it with, the Clerk of the Court at:  601 Market Street, Philadelphia, Pennsylvania 19106. The written objection must be received and filed with the Court no later than **June 6, 2011**. Copies of any objections must be sent to the following lawyers:

Eugene A. Spector
SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

CO-LEAD COUNSEL FOR PLAINTIFFS
AND THE SETTLEMENT SUBCLASSES

Mark L. Weyman
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450

COUNSEL FOR DEFENDANTS TOYS "R"
US, INC., BABIES "R" US, INC., TOYS "R"
US-DELAWARE, INC.

You must include in your objection: (i) the name, address, and telephone number of the person objecting and, if represented by a lawyer, of his or her lawyer; and (ii) a proper, validly sworn Claim Form and/or proof of purchase of an eligible baby product. You must also specify, in writing, all of your objections and the basis for those objections, and provide a statement of whether you would like the Court's permission to speak at the Fairness Hearing.

## VII.   EXCLUDING YOURSELF FROM THE SETTLEMENT

### 1.   How do I ask the Court to exclude me from the settlement?

You must mail a written "Exclusion Request" in a letter saying that you want to be excluded from *McDonough, et al. v. Toys "R" Us, Inc., et al.*, Case No. 06-0242 and *Elliott, et al. v. Toys "R" Us, Inc., et al.*, Case No. 09-6151. Be sure to include your name, address, the Settlement Subclasses to which you belong, and your signature. You must mail your Exclusion Request, postmarked by **June 6, 2011**, to: Baby Products Antitrust Litigation, c/o The Garden City Group, Inc., P.O. Box 9679, Dublin, Ohio 43017-4979.

You may also get an Exclusion Request form at www.babyproductsantitrustsettlement.com.

### 2.   Why would I ask to be excluded?

You may exclude yourself from the Settlement Subclasses for any reason. If you exclude yourself, you won't get any money from this settlement and you cannot object to the settlement. However, you will also not be legally bound by anything that happens in this lawsuit, including the settlement. You may then be able to sue some or all of the Defendants for claims that would otherwise be released as a result of the settlement. If you start your own lawsuit against the Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start your own lawsuit against the Defendants, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations.

## VIII.   THE COURT'S FAIRNESS HEARING

### 1.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing in Courtroom 7-B at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, on July 6, 2011 at 10 a.m. The Court will consider whether the settlement is fair, adequate and reasonable.

### 2.   Do I have to come to the hearing?

No, you do not have to attend the hearing.  Class Counsel will answer any questions Judge Brody may have.  If you send a written objection, you do not have to attend the hearing to discuss it. As long as you mailed your written objection as instructed in this notice, the Court will consider it.  You may also pay your own lawyer to attend.

You may attend the hearing at your own expense.  You may speak at the hearing only if you have submitted your objection as instructed and have stated in your objection that you wish to be heard at the Fairness Hearing.

## IX.   IF YOU DO NOTHING

If you do nothing, you still remain bound by the terms of the Settlement with Babies "R" Us, BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager, but you will not receive any money from the Settlement.  You will not be able to be a part of a lawsuit against the Defendants about the legal issues in this case ever again.

## X.   GETTING MORE INFORMATION

This notice is only a summary of the proposed settlement.  You may obtain a copy of the Settlement Agreement by visiting www.babyproductsantitrustsettlement.com, calling 1-888-292-8492, or writing:

Baby Products Antitrust Litigation
c/o The Garden City Group, Inc.
P.O. Box 9679
Dublin, Ohio 43017-4979

**Do not contact the Defendants, the Clerk of the Court, or the Judge regarding this notice.**

Exhibit 2

## Legal Notice

# If you purchased below listed products directly from Babies "R" Us in the U.S., a class action settlement may affect your rights.

*Para ver este aviso en español, llame el 1-888-292-8492*

**WHAT IS THIS LAWSUIT ABOUT?**

Two class action lawsuits are currently pending in the U.S. District Court for the Eastern District of Pennsylvania. The lawsuits allege that Babies "R" Us conspired with each of the defendant manufacturers in violation of federal antitrust laws. As a result, customers allegedly paid higher prices for those products. The Defendants deny they did anything wrong. The Court has not decided who is right and who is wrong.

**WHAT ARE THE TERMS OF THE SETTLEMENT?**

Under the terms of the proposed settlement, each class member who submits a valid claim may be entitled to money. The Defendants have agreed to make payments totaling $35,500,000.00 to settle the claims made in these lawsuits. For more details, write to the address or visit the website below.

**ARE YOU AFFECTED?**

If you purchased one or more of the listed Baby Products directly from Babies "R" Us or Toys "R" Us in the U.S. within the specific time stated, then you are a member of a Settlement Subclass. Be sure to visit the website for complete class member definitions.

| Product: | Purchased between: |
|---|---|
| BabyBjörn baby carrier | 2/2/00 - 4/30/05 |
| Britax car seat | 1/1/99 - |
| Kids Line products | 1/1/99 – 12/31/06 |
| Maclaren stroller | 10/1/99 - |
| Medela Pump in Style breast pump | 7/1/99 - |
| Peg Perego car seat | 7/1/99 - |
| Peg Perego high chair | 7/1/99 - |
| Peg Perego stroller | 7/1/99 - |

**WHAT ARE MY LEGAL RIGHTS?**

You have a choice of whether to stay in any Settlement Subclass or not, and you must decide now. **Stay In:** you will be legally bound by the terms of the settlement, and you won't be able to sue Defendants—as part of any other lawsuit—for any overcharges relating to any of the listed products during the specified time frames. **To receive benefits from the settlement, you must submit a valid, sworn Claim Form.** The Claim Form must be postmarked, faxed, or submitted online by August 1, 2011. Any member of any Settlement Subclass that does not timely submit a valid, sworn Claim Form will not be entitled

to settlement benefits. To file a Claim Form, visit www.babyproductsantitrustsettlement.com. **Get Out:** If you get out, you will not receive benefits from the proposed settlement, but you will keep rights to sue Defendants for these claims, and will not be bound by the terms of the settlement. To be excluded from the Settlement Subclasses, you must act by June 13, 2011. **Object:** If you stay in the Settlement Subclasses, you can object to the settlement by June 13, 2011. For more information, visit www.babyproductsantitrustsettlement.com.

**WHO REPRESENTS ME?**

The Court has appointed Hagens Berman Sobol Shapiro LLP, Spector Roseman Kodroff & Willis PC, and Wolf Haldenstein Adler Freeman & Herz LLC to represent the Settlement Subclasses. You may hire your own attorney, if you wish, at your own expense.

**THE PROPOSED SETTLEMENT:**

The Court, will hold a Fairness Hearing on _____ , 2011 at _____ (a.m./ p.m.), to determine whether the proposed settlement is fair, reasonable, and adequate and to approve attorney fees and costs. The Hearing is at the U.S. District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. If you are a member of a Settlement Subclass who did not seek to be excluded, you may write to the Court to object to the proposed settlement, and you may ask to speak at the hearing about the fairness of the proposed settlement.

**HOW CAN I GET MORE INFORMATION?**

Visit www.babyproductsantitrustsettlement.com, call 1-888-292-8492, or write to Baby Products Antitrust Litigation Settlement, c/o The Garden City Group, Inc., P.O. Box 9679, Dublin, Ohio 43017-4979.

*Text _____ to _____ for more information; standard carrier message and data rates may apply.*
*Text STOP to end/HELP for help*

**www.babyproductsantitrustsettlement.com          1-888-292-8492**

| MECHANICAL SPECIFICATIONS | |
|---|---|
| File Name: BRU_Master_Digest | Body Copy Font Size/Leading: 8/8.5 |
| Publication: USA Weekend | Total Word Count: 633 |
| Ad Unit: Digest (5" x 6.625") | Create Date/Time: 12/10/10 @ 4:45 PM PT |
| Headline Font: Calibri Bold | Operator: TOC |
| Headline Font Size/Leading: 11.5/12.5 | Last Edit Time: 1/225/11 @3:12 PM PT |
| Body Copy: Times LT Std | Operator: JAM |

Exhibit 3

<table>
<tr><td>

**Must be Postmarked
No Later Than
August 1, 2011**

</td><td>

**BABY PRODUCTS ANTITRUST LITIGATION SETTLEMENT**
c/o The Garden City Group, Inc.
PO Box 9679
Dublin, Ohio 43017-4979
1-888-292-8492
Fax:1-888-476-7153
Email: questions@babyproductsantitrustsettlement.com

</td><td>



</td></tr>
</table>

Claim Number: _____        Control Number: _____

# CLAIM FORM AND RELEASE

> **Your Signed Claim Must be Postmarked, Faxed or Sent Electronically In
> PDF Format To The Claims Administrator No Later than August 1, 2011**

**1.      WHAT THIS CLAIM FORM CONCERNS**

         This claim form concerns the settlement of two consolidated lawsuits that were filed by two groups of consumers claiming that Toys "R" Us and Babies "R" Us had conspired with certain baby product manufacturers to restrict competition in violation of federal antitrust law.   Plaintiffs assert that this conduct caused you to pay higher prices at Toys "R" Us and Babies "R" Us for: BabyBjörn baby carriers; Britax car seats; Maclaren strollers; Medela Pump In Style breast pumps; Peg Perego car seats, strollers and high chairs; and all Kids Line products, such as crib sets, blankets, valances, sheets, wall decorations, baskets, pillows, pads, hampers, porta crib sets, lamps, shelves, stackers, rugs, or mobiles.  Plaintiffs' claims are disputed and Defendants deny entering into any conspiracies or engaging in any other unlawful conduct.  The parties have agreed to settle the litigation in lieu of trial.

         **Please read the Full Notice (available at www.babyproductsantitrustsettlement.com) carefully before filling out this Form.**

**2.      ELIGIBLE PAYMENTS**

         You may be eligible to recover a payment from the settlement for each of the following products you purchased at Toys "R" Us or Babies "R" Us during the time periods indicated:
  •      **BabyBjörn baby carriers** between February 2, 2000 and April 30, 2005;
  •      **Britax car seats** between January 1, 1999 and January __, 2011;
  •      **Maclaren strollers** between October 1, 1999 and January __, 2011;
  •      **Medela Pump In Style breast pumps** between July 1, 1999 and January __, 2011;
  •      **Peg Perego car seats, strollers or high chairs** between July 1, 1999 and January __, 2011; and/or
  •      **All Kids Line products** between January 1, 1999 and December 31, 2006.

         You may be eligible to recover a payment from the settlement for all purchases for which you provide a proper claim form.  This is described in greater detail in the Full Notice available at www.babyproductsantitrustsettlement.com.

**3.      HOW YOU CAN QUALIFY FOR AND RECEIVE PAYMENT**

         In order to be eligible to receive any compensation from the settlement, you must:
  •      fill out this Claim Form in its entirety;
  •      sign the verification statement at the end of the Claim Form;
  •      return this completed Claim Form with your supporting documentation, if any, no later than August 1, 2011.
All information submitted will be kept confidential.

2 

## PART I - CLAIMANT IDENTIFICATION

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Name of the Person you would like the Claims Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Claims Administrator in writing.

**Street Address:**

**City:**

**State and Zip Code:**

**Country (Other than U.S.):**

**Daytime Telephone Number:** ( ) - **Evening Telephone Number:** ( ) -

**Email Address:**

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

## PART II - BABY PRODUCT PURCHASE INFORMATION

You may be entitled to a settlement payment for each of the baby products listed above you purchased at Toys "R" Us or Babies "R" Us during the time periods indicated. To recover the maximum amount you can from the Settlement Fund for your purchases, attach documentation showing your purchase(s) of the products listed above. Acceptable proof may include receipts, cancelled checks, credit card statements, records from Toys "R" Us or Babies "R" Us, or other records that show you purchased the baby product and when the purchase was made.  In order to allow the Claims Administrator to verify your documentation, you must complete the following chart.



## PART II - BABY PRODUCT PURCHASE INFORMATION (CONTINUED)

| Date of Purchase | Place of Purchase (Toys "R" Us or Babies "R" Us) | Product Purchased | Proof of Purchase Attached |
|---|---|---|---|

**Row 1**

/  /

On-Line  Y ☐    N ☐

Store _____

City _____

State _____

Brand_____
(e.g. name of manufacturer)

Type_____
(e.g. stroller)

Model_____

Price_____

Y ☐

N ☐

**Row 2**

/  /

On-Line  Y ☐    N ☐

Store _____

City _____

State _____

Brand_____
(e.g. name of manufacturer)

Type_____
(e.g. stroller)

Model_____

Price_____

Y ☐

N ☐

**Row 3**

/  /

On-Line  Y ☐    N ☐

Store _____

City _____

State _____

Brand_____
(e.g. name of manufacturer)

Type_____
(e.g. stroller)

Model_____

Price_____

Y ☐

N ☐

**Row 4**

/  /

On-Line  Y ☐    N ☐

Store _____

City _____

State _____

Brand_____
(e.g. name of manufacturer)

Type_____
(e.g. stroller)

Model_____

Price_____

Y ☐

N ☐

**Row 5**

/  /

On-Line  Y ☐    N ☐

Store _____

City _____

State _____

Brand_____
(e.g. name of manufacturer)

Type_____
(e.g. stroller)

Model_____

Price_____

Y ☐

N ☐

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR PURCHASES YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**



---

**PART III - VERIFICATION**

---

I declare under penalty of perjury of the laws of the United States of America that all the information provided in this Claim Form is, to the best of my knowledge, accurate and correct.

_____          _____

Signature                                                          Date

**Please keep a copy of your completed Claim Form and copies of any attached documentation for your records.**

Please mail, fax or email your completed Claim Form, with your proofs of purchase, to:

**BABY PRODUCTS ANTITRUST LITIGATION SETTLEMENT**
c/o The Garden City Group, Inc.
PO Box 9679
Dublin, Ohio 43017-4979

Fax:1-888-476-7153

Email: questions@babyproductsantitrustsettlement.com

**Your Signed Claim Must be Postmarked, Faxed or Sent Electronically In PDF Format To The Claims Administrator So That It is Postmarked or Received No Later than August 1, 2011.**