IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>    Defendants. | No. 2:06-cv-0242-AB |

**DECLARATION OF EUGENE A. SPECTOR IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO REGAL LAGER'S
<u>MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT</u>**

I, Eugene A. Spector, being duly sworn and under penalty of perjury, state as follows:

1. I am over 18 years of age and am qualified to make this declaration. I have personal knowledge of the information set forth in this declaration.

2. I am one of the counsel of record for the Plaintiffs and the certified Subclasses and proposed Settlement Subclasses in the above-captioned litigation and *Elliott, et al. v. Toys "R" Us, Inc., d/b/a Babies "R" Us, et al.*, Civil Action No. 2:09-cv-06151-AB (E.D. Pa.).

3. In May 2010, the parties in the *McDonough* and *Elliott* litigation entered into a three-day mediation. At the conclusion of the mediation, the parties reached an agreement in principle. Plaintiffs were informed that Regal Lager, Inc. ("Regal Lager") agreed to participate in the settlement, and agreed to contribute to the settlement fund of $35,500,000.00, but were not informed of the amount of Regal Lager's contribution.

4. Over the course of the next four months, the parties continued to engage in extensive, arms-length negotiations, culminating in the execution of a Memorandum of Understanding

1

("MOU") by the parties on September 29, 2010. Regal Lager signed the MOU, reiterating its commitment to the settlement and specifically agreeing to contribute $260,000.00 to the settlement fund.

5. The parties continued to negotiate for nearly four additional months, concluding with a Settlement Agreement (the "Agreement") that was executed on January 21, 2011. Once again, Regal Lager demonstrated its commitment to the Agreement by executing it and again agreeing to contribute $260,000.00 to the Settlement Fund (the "Fund"). As part of the Agreement, the parties agreed to cease litigation.

6. The Court preliminarily approved the Agreement on January 31, 2011.

7. Due to complications resulting from current banking regulations arising out of the Homeland Security Act, there were delays in opening the Settlement escrow account subsequent to preliminary approval. Accordingly, the parties entered into two amendments relating to the timing of the Defendants' payments into the Fund. The First Amendment to the Settlement Agreement was executed on February 14, 2011, and approved by the Court on February 15, 2011. It provided that the Defendants, including Regal Lager, would make their payments to the Fund by February 25, 2011 (25 calendar days after preliminary approval).

8. The Second Amendment to the Agreement was executed on February 25, 2011, and approved by the Court on February 28, 2011. It provided that the Defendants, including Regal Lager, would make their payments to the Fund by March 4, 2011 (32 calendar days after preliminary approval).

9. Regal Lager did not make its agreed-upon payment by March 4, 2011.

10. On March 7, 2011, I spoke with David Martin, counsel for Regal Lager, who informed me that Regal Lager could not make its agreed-upon contribution to the Fund. He informed me

that Regal Lager did not have the money to make its payment, but that he would see if it was possible to raise the funds during the course of the week.

11. On March 11, 2011, I again spoke with Mr. Martin, who confirmed that Regal Lager would not be making its agreed-upon payment to the Fund.

Dated this 14th day of April, 2011.

_____
Eugene A. Spector

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Declaration of Eugene A. Spector in Support of Plaintiffs' Opposition to Regal Lager's Motion for Leave to File Summary Judgment has been duly served on all counsel via ECF on April 14, 2011.

       /s/ Ivy Arai Tabbara
       Ivy Arai Tabbara