IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br><br>    Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br><br>    Defendants. | No. 2:09-cv-06151-AB |

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT SUBCLASSES**

**WHEREAS,** the Plaintiffs, on behalf of themselves and each Class Member, by and through their counsel of record, have asserted claims for damages alleging violations of the Sherman Act, 15 U.S.C. § 1, *et seq.* and the Clayton Act, 15 U.S.C. §§ 12, *et seq.* against Defendants Toys "R" Us, Inc., d/b/a Babies "R" Us, Babies "R" Us, Inc., and Toys "R" Us-Delaware, Inc. (collectively, "BRU" or "Babies "R" Us"); BabyBjörn AB ("BabyBjörn"), Britax Child Safety, Inc. ("Britax"), Kids Line, LLC ("Kids Line"), Maclaren USA, Inc. ("Maclaren"), Medela, Inc. ("Medela"), Peg Perego U.S.A., Inc. ("Peg Perego"), and Regal Lager, Inc. ("Regal

Lager") (collectively, "Defendants" (all Defendants excluding Regal Lager will subsequently be referred to as the "Settling Defendants" for purposes of this Order));

**WHEREAS,** the Plaintiffs and Defendants, desiring to resolve any and all disputes in this action, executed a Settlement Agreement dated January 21, 2011;

**WHEREAS**, Regal Lager subsequently defaulted on its obligations under the Settlement and thus will not be released or dismissed at this time;

**WHEREAS,** the Settlement Agreement does not constitute, and shall not be construed as or deemed to be evidence of, or admission of any fault, wrongdoing or liability by Settling Defendants or by any other person or entity;

**WHEREAS,** Plaintiffs, on behalf of the Settlement Subclasses, and Settling Defendants have agreed to entry of this Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses (hereinafter "Final Order and Judgment");

**WHEREAS, by Order entered** on January 31, 2011, this Court granted preliminary approval to the Settlement Agreement and directed that Notice be given to the Settlement Subclasses certified below;

**WHEREAS,** pursuant to preliminary approval of the Settlement Agreement and approval of the proposed method of Notice to Class Members, Notice was given to Class Members, in accordance with Federal Rules of Civil Procedure 23(c)(2) and 23(e) and the requirements of due process, and Class Members were afforded the opportunity to object or otherwise comment on the Settlement or exclude themselves from the terms of the Settlement; and

**WHEREAS,** an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders; the Court has reviewed and considered the terms of the Settlement Agreement, the submissions of the parties in support thereof, and the comments

received in response to the Notice; and after holding a hearing on July 6, 2011, at which time all interested parties were given an opportunity to be heard;

**WHEREAS**, all capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise set forth above with respect to "Settling Defendants",

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

### I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action and each of the parties to the Settlement Agreement.

### II. FINAL APPROVAL OF SETTLEMENT

2. On January 31, 2011, this Court conditionally certified the following Settlement Subclasses for Settlement purposes, and such certification is hereby made final:

(a) All persons who directly purchased any BabyBjörn baby carrier distributed by Regal Lager from Babies "R" Us within the U.S. during the period February 2, 2000, to April 30, 2005.

(b) All persons who directly purchased any Britax car seat from Babies "R" Us within the U.S. during the period January 1, 1999 to January 31, 2011.

(c) All persons who directly purchased any Kids Line product from Babies "R" Us within the U.S. during the period January 1, 1999 to December 31, 2006.

(d) All persons who directly purchased any Maclaren stroller from Babies "R" Us within the U.S. during the period October 1, 1999, to January 31, 2011.

(e) All persons who directly purchased any Medela Pump In Style breast pump from Babies "R" Us within the U.S. during the period July 1, 1999, to January 31, 2011.

(f) All persons who directly purchased any Peg Perego stroller from Babies

3

"R" Us within the U.S. during the period July 1, 1999, to January 31, 2011.

   (g)  All persons who directly purchased any Peg Perego high chair from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011.

   (h)  All persons who directly purchased any Peg Perego car seat from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011.

   3.  The terms of the Settlement Agreement are adjudged to be fair, reasonable, and adequate and in the best interests of Plaintiffs and the Settlement Subclasses as a whole, and satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process.

   4.  The Court finds that the Notice provided constituted the best notice practicable under the circumstances and constituted valid, due and sufficient notice to all persons entitled thereto.

   5.  The terms of the Settlement Agreement are hereby approved, and the parties thereto are directed to implement the Settlement in accordance with its terms. Pursuant to the terms of the Settlement Agreement, Settling Defendants shall have no further obligation or liabilities with respect to the Settlement.

### III. DISMISSAL OF ACTION AND RELEASE OF CLAIMS

   6.  This Litigation is dismissed with prejudice as to the Settling Defendants, and the Plaintiffs and all Class Members who do not timely and validly exclude themselves from the Settlement in accordance with the requirements approved by the Court ("Settlement Class Members") are barred from further prosecution of the Released Claims.

   7.  The Court hereby finds that the Settlement Class Members, on behalf of themselves and their respective predecessors and successors, have released, waived and discharged Releasees, other than Regal Lager, Inc., from any and all claims or causes of action, asserted or unasserted, the Settlement Class Members ever had or now have that were or could

4

have been asserted in the Litigation including, but not limited to, any and all claims, causes of action, demands, actions, suits, rights, obligations, controversies or the like, known or unknown, including under federal or state antitrust or unfair competition law, that the Settlement Class Members ever had or have as of the date that the Settlement Agreement becomes Final, arising from or related to the wholesale or retail pricing, discounting, marketing, advertising, distribution or sale of BabyBjörn baby carriers, Britax car seats, Kids Line Products, Maclaren strollers, Medela breast pumps, Peg Perego strollers, Peg Perego car seats, or Peg Perego high chairs (the "Released Claims").  For avoidance of doubt, Released Claims shall not include claims entirely unrelated to the claims that were or could have been asserted in the Litigation, including, but not limited to, allegations of false advertising or misrepresentations relating to the performance of the products purchased, personal injury, or breach of warranty or breach of contractual relationships relating to the performance of the products purchased.  Also, Released Claims shall not include any claims against Regal Lager.  Released Claims shall include any and all claims Plaintiffs and any Settlement Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date which arise out of or in any way relate to the facts, transactions, acts, practices, breaches, events, occurrences, statements, disclosures, omissions or failures to act alleged or which could have been alleged in the Litigation, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement (the "Unknown Claims").  With respect to any of the Released Claims and any of the Unknown Claims, upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory in the United States,

or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each Settlement Class Member acknowledge that they may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the subject matter of this Agreement, but it is their intention to fully and finally settle and release the Released Claims, including Unknown Claims, notwithstanding the discovery or existence of any such additional or different facts.

### IV.     FINALITY OF JUDGMENT

8.     The Court finds that this Final Order and Judgment adjudicates all the claims, rights, and liabilities of the parties to the Settlement Agreement, other than those covered in the proposed Fee and Expense Order and the proposed Allocation Order and other than any claims Plaintiffs or any other person has against Regal Lager.  The Court further finds that there is no just reason for delay, this Final Order and Judgment is final and shall be immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).  Further proceedings, including appeals, if any, related to the proposed Fee and Expense Order or the Allocation Order shall not prevent this Final Order and Judgment from becoming Final, as that term is defined in the Settlement Agreement. Neither this Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses nor the Settlement Agreement shall constitute any evidence or admission of liability by Settling Defendants, nor shall either document or any other document relating to the Settlement be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or

the terms of this Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses or if offered by Settling Defendants in responding to any action purporting to assert Released Claims.

**SO ORDERED.**

Dated: _____, 2011

_____
Judge Anita Brody