IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a/ Babies "R" Us, <br> et al., <br><br> Defendants | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC., d/b/a/ Babies "R" Us, <br> et al., <br><br> Defendants | No. 2:09-cv-6151-AB |

## OBJECTION OF YOSSI ZARFATI, SETTLEMENT SUBCLASS REPRESENTATIVE OF THE SUBCLASS

I, Yossi Zarfati, hereby declare:

1. I am a named plaintiff in the above referenced *McDonough* action and was certified as a settlement subclass representative of the Maclaren Settlement Subclass by this Court on January 31, 2011.

2. I hereby submit my objection to the incentive award amount to be awarded to myself and my fellow class representatives.

3. Over the course of over four years, I devoted more than 38 hours to the representation of similarly situated absent class members, meeting, conferring, and

corresponding with counsel and helping guide the litigation. I am an attorney, and when I billed at an hourly rate, I billed out at approximately $350/hour. A conservative description of my time expended in this case through November 2010 is appended hereto as Exhibit A.

4. Specifically, I came forward to represent the Maclaren subclass and took time away from professional and family obligations to carry out my obligations by: **(1)** reviewing the complaints; **(2)** staying informed of the case and making myself available on multiple occasions to discuss the case with Plaintiffs' counsel; **(3)** providing Plaintiffs' counsel with information and materials regarding my purchase of a Maclaren stroller; **(4)** providing information and documents responsive to Defendants' discovery requests; and **(5)** preparing for and traveling to my deposition. I assume that my fellow class representatives similarly expended numerous hours in furtherance of their duties as class representatives.

5. I believe that my counsel did a good job throughout the litigation of this action, and that the settlement they achieved is a substantial victory to the benefit of the various subclasses.

6. Where I take issue, however, is that counsel for Plaintiffs were willing to advocate on their own behalves, asking the Court to award them the *maximum* fees typically awarded in such actions, namely 33 1/3 % of the settlement, plus reimbursement of expenses that they incurred in litigation and administering the settlement fund – an amount that I do not begrudge as they litigated this case well on a contingent fee basis – yet failed to advocate, or even seriously explore, the interests of the class representatives such as myself by seeing that we received appropriate incentive awards as well.

7. To clarify, I ***did not*** undertake my representation of the Maclaren subclass in order to receive an award. I did so because I felt I was wronged, and serving as a class representative was the right thing to do. However, I am aware that courts may make separate or special awards to class representatives in recognition of their risks, time expended, and benefits to the Class. My counsel did not take vacation time in order to litigate this case; in contrast, I did to prepare and sit for a deposition. The time that I spent assisting in the litigation of this action is time that I could have spent either working, or with my family. To the extent that it is appropriate for courts to recognize such efforts, I respectfully submit, that at least in my case, that an appropriate award exceeds the $2,500 that my counsel is seeking on my behalf. As I suspect that was not unique and my fellow class representatives expended considerable time and energy in connection with this case, I ask that they be similarly recognized for their service.

8. I tried to raise my concerns about an appropriate incentive award before the motion for preliminary approval was filed. In response, I was informed that counsel was concerned of drawing objections if they asked for too much of an award, an argument that makes sense but for the fact that counsel were willing to roll the dice and ask for the maximum award of fees for themselves – a third of $35.24 million, plus reimbursement for expenses. Respectfully, being willing to request over $11 million for themselves, but claiming that asking for $10,000 or even $5,000 per class representative is the issue that will draw objection is disingenuous at best.

9. While I was in the midst of discussing this issue with counsel, and before I had heard back whether the $2,500 amount could be raised to a figure that represented a more appropriate recognition of the contribution made by the class representatives in this

action, counsel filed their motion for preliminary approval of the settlement containing the $2,500 cap – without discussing it with me. Indeed, the motion for preliminary approval was filed without asking me, the Maclaren representative, whether I approved of counsel *entering into the settlement on my behalf!* In this regard, I believe counsel's actions were incredibly inappropriate.

10.    Upon raising these concerns with counsel, the message that was conveyed to me was: **(1)** it was not counsel's practice to seek class representative approval before filing a motion for preliminary approval; and **(2)** if I had an issue with the class representative awards, I could file an objection with the Court.

11.    I am dismayed that counsel went forward with a settlement without asking me about it, and extremely disappointed that instead of getting back to me on an area that I had raised concerns about, they went ahead and filed the motion for preliminary approval without telling me.

12.    As the client, and the subclass representative, it is my understanding that my counsel works for me; that it is my job to oversee and guide the litigation. Obviously, I need to be guided by counsel whose expertise in this arena surpasses my own. However, I need to be kept in the loop, and proceeding with a settlement and incentive award that I did not approve was improper.

13.    Paying attention to your client is important. Running important issues by a client – like approving a settlement is important. Frankly, spelling a client's name right in the caption of a complaint is important (my name is not Yossi "Zarfarti") http://www.babyproductsantitrustsettlement.com/4th%20Amend%20Consol%20Compl%20-%20Final%20Version%2011-02-07.pdf. That my counsel has forgotten these

important things is distressing. That my counsel went ahead on May 24, 2011 and filed final approval papers, specifically a motion on *my* behalf seeking incentive awards of $2,500 per class representative when we were in the middle of a dialogue to see whether anything could be done to raise the incentive award amount is even more distressing.

14. Rather than inform me that there was nothing that counsel was able (or willing) to do, they filed the incentive award motion, named me as a movant, and expressed a viewpoint that they knew I opposed. They then informed me *the following morning* that my only recourse on the issue was to file an objection. Expressly naming me as a movant for something that they knew I disagreed about was inappropriate. They should have informed me, before they filed, of their intentions. Having been through what I consider to be serious communication lapses with respect to the motion for preliminary approval, I was surprised to run into the very same problem with respect to final approval.

15. Before filing this objection, I conferred with counsel repeatedly in an effort to resolve this issue. The ***very last thing*** that I wanted to do was file an objection with this Court. I do think that this is a good settlement, and do think (but for the issues I've raised herein) that counsel did a good job that they should be compensated for. However, as they have refused to stand up and represent my interests (and the interests of the other class representatives) before this Court in an appropriate manner, and repeatedly informed me that my only recourse was objection, I was forced to do so.

16. I respectfully request that the Court award me, and the other class representatives, an amount that appropriately recognizes the efforts that we have expended in connection with the litigation of this action.

17.   I do not seek permission to speak at the Fairness Hearing.

Signed under penalty of perjury this 26th day of May 2011.

_____
Yossi Zarfati

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. MCDONOUGH, CAROL M. MCDONOUGH, SARA SHUCK, LAWRENCE B. MCNALLY, EVELIA Y. RAGSDALE, JENNIFER SULLIVAN, SARAH L. OTAZO, AMY GALVIN GROGAN, ERIN M. HALL, MELISSA NUTTALL, JULIE LINDEMANN, and HEATHER ADER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC. d/b/a Babies "R" Us; BABIES "R" US, INC.; TOYS "R" US-DELAWARE, INC.; BABYBJORN, AB; BRITAX CHILD SAFETY, INC.; KIDS LINE, LLC; MACLAREN USA, INC.; MEDELA, INC.; PEG PEREGO U.S.A., INC., and REGAL LAGER, INC., <br><br> Defendants.. | Civil Action No. 2:06-cv-00242-AB |
| BABYAGE.COM, INC. and THE BABY CLUB OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOYS "R" US, INC. d/b/a Babies "R" Us; BABIES "R" US, INC.; TOYS "R" US-DELAWARE, INC.; BABYBJORN, AB; BRITAX CHILD SAFETY, INC.; KIDS LINE, LLC; MACLAREN USA, INC.; MEDELA, INC.; PEG PEREGO U.S.A., INC., and REGAL LAGER, INC., <br><br> Defendants. | Civil Action No. 2:05-cv-06792-AB |

PL00000602

## DECLARATION OF YOSSI ZARFATI

I, Yossi Zarfati, under penalties of perjury, state as follows:

1. I have consented to be a Plaintiff in the above case, have personal knowledge of the matters stated herein, and could and would testify hereto if necessary.

2. On March 21, 2004, I purchased a MacLaren Triumph stroller from the Babies"R"Us store located in College Point, New York. I still have my receipt, a copy of which I will produce in this litigation, which reflects my purchase.

I declare under penalties of perjury that the foregoing is true and correct.

Dated: November 2, 2006

Yossi Zarfati

10241

PL00000603

```
IT HAS BEEN A PLEASURE SERVING YOU!
YOUR CASHIER, JACQUELINE


              BABIES "R" US


6389/05  4769:8  29785  1   ACC

MY FIRST PALS       419079 A      7.99
2PK 80Z PREM USG N/B 160876 A     7.99
400CT ALOE   VLK PK  246722 A    10.99
400CT ALOE   VLK PK  246722 A    10.99




320Z ENF    EXPL  A  234055 A     5.99 #
116CT SZ5 BD VALUE P 452915 A    29.99




116CT SZ5 BD VALUE P 452915 A    29.99
120CT SZ4 BD VALUE P 452907 A    29.99
120CT SZ4 BD VALUE P 452907 A    29.99
→ TRIUMPH NAVY        093826 A   139.99 ←


              SUBTOTAL           303.50
              8.625% TAX          25.69
              TOTAL              329.19
$5 OFF PAMPER/ HUG 911066 452915   5.00-
$5 OFF PAMPER/ HUG 911066 452915   5.00-
$5 OFF PAMPER/ HUG 911066 452907   5.00-
$5 OFF PAMPER/ HUG 911066 452907   5.00-
$20 OFF STROL>$100 911081 093826  20.00-
$5 OFF W/$25 PURCH 911039 093826   5.00-
VENDOR COUPON                      1.00-
VENDOR COUPON                      1.00-
$8.99 SELECT 40OCT 911069 246722   1.69-
$8.99 SELECT 40OCT 911069 246722   1.69-




TAX ADJUSTMENT - 8.625% TAX         .60 #
              TOTAL              273.21

TCK                                2.00
TCK                                1.00




AMEX ************2004            275.21
EXP 04/07 AUTH 0522666G
CHANGE                              .00

(03/21/04)  12:11

ITEM COUNT  10
COUPON SAVINGS $  50.76

ITEMS MARKED WITH A # ARE NOT ELIGIBLE
131-19 20TH AVENUE
COLLEGE POINT, NY 11356
```

363890547694805

PL00000604