# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROL M. MCDONOUGH,** *et al* | § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 2:06-cv-0242-AB |
| **TOYS "R" US, INC., d/b/a BABIES "R" US,** *et al* | § § § | |
| Defendants | § § | |
| | | |
| **ARIEL ELLIOTT,** *et al*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 2:09-cv-06151-AB |
| **TOYS "R" US, INC., d/b/a BABIES "R" US,** *et al* | § § § | |
| Defendants | § § | |

## OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF INTENTION TO APPEAR

COMES NOW, Shawn Golden, (hereinafter referred to as "Objector") member of the settlement class in the above-referenced cause, and on behalf of himself and all others similarly situated, shows as follows:

1.  Objector is a member of the Term Class as defined in the Notice of Class Action, Proposed Settlement, and Final Settlement Hearing. Objector Shawn Golden's home address is 615 Grandview, San Antonio, Texas 78209. However, he requests that all communications with him be made through the undersigned counsel of record.

2. Objector Shawn Golden holds claim number BBA02217515.

3. Objector hereby gives notice to the court and all interested persons that he intends to appear at the Fairness Hearing on July 6, 2011 and submit objections to the proposed class action settlement and submit evidence and argument in support of his objections.

4. Objector intends to appear by and through the undersigned attorney and/or local counsel authorized to act on his behalf. Objector submits these objections and his intention to appear on behalf of himself and all others similarly situated, both for the entire settlement class and for the members of the Term Class.

5. Objector reserves the right to revise, explain, elaborate, or withdraw any or all of the objections asserted herein at the fairness hearing, and further reserves the right to intervene in this lawsuit in order to properly assert his claims during trial and appeal, if necessary.

6. Unlike settlements in ordinary litigation between individual parties, class action settlements must be approved by courts. Courts have recognized that the primary purpose of this requirement for judicial approval is "to protect class members . . . whose rights may not have been given due regard by the negotiating parties." *Ficalora v. Lockheed California Co.*, 751 F.2d 995, 996 (9th Cir. 1985). Because the parties negotiating a class action settlement may not adequately represent the interests of absent class members, the reviewing court "acts as a fiduciary who must serve as a guardian of the rights of absent class members," so that the court "cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *In re GMC Fuel Tank*, 55 F.3d at 785 (citation omitted). When reviewing a class action settlement, a court must "independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished." *Id.* (citation omitted). "The burden of proving the

fairness of the proposed settlement is on the proponents." *In re Matzo Food Products Litig.*, 156 F.R.D. 600, 605 (D. N.J. 1994).

7.  Class action settlements require careful judicial scrutiny because of the profound differences between them and ordinary settlements. As one federal court of appeals has observed:

> [T]he settlement of a class action lawsuit is fundamentally different from the settlement of traditional litigation. . . . [C]lass members, unlike individual litigants in traditional lawsuits, are bound by the settlement even though they do not individually consent to its terms. Instead, consent is given by class representatives, who derive authority to represent members not by obtaining their consent, but by obtaining a court order designating them the representatives.
>
> * * *
>
> [I]n order to protect the rights of absent class members, the court must assume a far more active role than it typically plays in traditional litigation.

*Epstein v. MCA, Inc.*, 50 F.3d 644, 666-67 (9th Cir. 1995), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996); *see also In re GMC Fuel Tank*, 55 F.3d at 785. The United States Supreme Court has thus directed that the rules designed to protect interests of absent class members "demand undiluted, even heightened, attention in the settlement context," and that these interests must be the "dominant concern" of a court when class representatives propose a settlement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997).

### Objection to Attorney Fees as Excessive

8.  The settlement in this case provides for a common fund of $35,240,000.00. From this common fund, Class Counsel seeks fees of up to 33 1/3 % of the settlement, plus reimbursement of expenses that they incurred in litigation and administering the settlement fund. Any case in which attorneys fees are paid as a percentage of a common fund gives rise to an

inherent conflict of interest between Class Counsel and the Class. The more that is paid out in attorney fees, the less is distributed to the Class members. For this reason, Courts have long recognized that as the amount of the settlement fund increases, the attorney fees percentage decreases. Thus, whereas a 33 1/3% attorney fee might be appropriate in a small class action settlement, rarely would it be appropriate in a multi-million dollar settlement involving tens of millions of dollars. It is the court's role to protect the Settlement Class by insuring that the fees paid from the common fund are reasonable in this case. Objectors propose that an attorney fee of 25% would be more in line with the reasonable and customary fee in a case of this nature.

9. Objector reserves the right to submit further materials in support of this objection.

WHEREFORE, PREMISES CONSIDERED, Objector respectfully requests to appear and be heard at the settlement hearing, that the foregoing objection be sustained, and that the court order that the attorneys fees paid from the common fund be limited to a reasonable percentage based on the evidence, and order the reformation of the proposed class settlement to cure the objections made herein, order that Objector recovers his reasonable and necessary attorney fees and costs of court, and order such other relief at law or in equity to which Objector, individually, and on behalf of all others similarly situated, may be justly entitled.

Dated June 3, 2011.

Respectfully submitted,

THE CROSLEY LAW FIRM, P.C.
McCombs Plaza, Suite 250
755 E. Mulberry
San Antonio, Texas 78212
(210) 354-4500
(210) 354-4034 facsimile

By: _____
THOMAS A. CROSLEY
Texas Bar No.: 00783902

ATTORNEYS FOR OBJECTOR
SHAWN GOLDEN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF INTENTION TO APPEAR has been served via express overnight delivery with the U.S. Postal Service on this 3rd day of June, 2011, to:

> Eugene A. Spector
> SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
> 1818 Market Street, Suite 2500
> Philadelphia, PA 19103
>
> CO-LEAD COUNSEL FOR PLAINITIFFS
> AND THE SETTLEMENT SUBCLASSES
>
>
> MARK L. WEYMAN
> REED SMITH LLP
> 599 Lexington Avenue
> New York, NY 10022
>
> COUNSEL FOR DEFENDANTS TOYS "R" US, INC.,
> BABIES "R" US, INC., TOYS "R" US-DELAWARE, INC.

_____
THOMAS A. CROSLEY

Claim Number BBA02217515

# PART I - CLAIMANT IDENTIFICATION

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

Shawn Golden

**Name of the Person you would like the Claims Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

Thomas A. Crosley / The Crosley Law Firm, P.C.

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you **MUST** notify the Claims Administrator in writing.

**Street Address:**

755 E Mulberry, Suite 250

**City:**

San Antonio

**State and Zip Code:**

TX   78212

**Country (Other than U.S.):**

**Daytime Telephone Number:** (210) 354-4500   **Evening Telephone Number:** ( ) -

**Email Address:** tom@crosleylawfirm.com

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

# PART II - BABY PRODUCT PURCHASE INFORMATION

You may be entitled to a settlement payment for each of the baby products listed above you purchased at Toys "R" Us or Babies "R" Us during the time periods indicated. To recover the maximum amount you can from the Settlement Fund for your purchases, attach documentation showing your purchase(s) of the products listed above. Acceptable proof may include receipts, cancelled checks, credit card statements, records from Toys "R" Us or Babies "R" Us, or other records that show you purchased the baby product and when the purchase was made. In order to allow the Claims Administrator to verify your documentation, you must complete the following chart.

## PART II - BABY PRODUCT PURCHASE INFORMATION (CONTINUED)

| Date of Purchase | Place of Purchase (Toys "R" Us or Babies "R" Us) | Product Purchased | Proof of Purchase Attached |
|---|---|---|---|
| 1/1/07 | On-Line Y ☐ N ☒<br>Store: Babies R US<br>City: San Antonio<br>State: Texas | Brand: Peg Perego<br>Type: Stroller<br>Model: Aria<br>Price: | Y ☐<br>N ☒ |
| 1/1/07 | On-Line Y ☐ N ☒<br>Store: Babies R US<br>City: San Antonio<br>State: Texas | Brand: Peg Perego<br>Type: Car seat/Base<br>Model: Freestyle/Primo Viaggio SP<br>Price: | Y ☐<br>N ☒ |
| 1/1/08 | On-Line Y ☒ N ☒<br>Store: Babies R US<br>City: San Antonio<br>State: Texas | Brand: Britax<br>Type: Car Seat<br>Model: Marathon<br>Price: | Y ☐<br>N ☒ |
| 1/1/08 | On-Line Y ☐ N ☒<br>Store: Babie R US<br>City: San Antonio<br>State: Texas | Brand: Britax<br>Type: Car Seat<br>Model: Marathon<br>Price: | Y ☐<br>N ☒ |
| 1/1/11 | On-Line Y ☐ N ☒<br>Store: Babies R US<br>City: San Antonio<br>State: Texas | Brand: Britax<br>Type: Car Seat<br>Model: Frontier 85<br>Price: | Y ☐<br>N ☒ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR PURCHASES YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

Claim Number 66A 02217515 

### PART III - VERIFICATION

I declare under penalty of perjury of the laws of the United States of America that all the information provided in this Claim Form is, to the best of my knowledge, accurate and correct.

_____    6/3/11
Signature                          Date

**Please keep a copy of your completed Claim Form and copies of any attached documentation for your records.**

Please mail, fax or email your completed Claim Form, with your proofs of purchase, to:

**BABY PRODUCTS ANTITRUST LITIGATION SETTLEMENT**
c/o The Garden City Group, Inc.
PO Box 9679
Dublin, Ohio 43017-4979

Fax: 1-888-476-7153

Email: questions@babyproductsantitrustsettlement.com

**Your Signed Claim Must be Postmarked, Faxed or Sent Electronically In PDF Format To The Claims Administrator So That It is Postmarked or Received No Later than August 1, 2011.**