# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>      Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>      Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>      Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>      Defendants. | No. 2:09-cv-06151-AB |

DECLARATION OF ERIC L. CRAMER, ESQ.

I, Eric L. Cramer, being duly sworn, say as follows:

1. I am a shareholder in the law firm of Berger & Montague, P.C. My firm is one of the counsel for plaintiffs Babyage.com, Inc. ("BabyAge") and The Baby Club of America, Inc. ("Baby Club") (collectively, "Retailer Plaintiffs") in the case of *BabyAge.com, Inc., et al. v. Toys 'R' Us, Inc., et al.*, Civ. No. 2:05-cv-06792-AB. I have personal knowledge of the matters set forth herein based on my participation in the Retailer Plaintiffs' action.

2. I submit this Declaration in the above captioned matters (the "Class Action"), relating to (a) Plaintiffs' Motion for Final Approval of Settlement with Defendants Toys 'R' Us, Inc., Babies 'R' Us, Inc., Toys 'R' Us-Delaware, Inc., BabyBjorn AB, Britax Child Safety, Inc., Kids Line, LLC, Maclaren USA, Inc., Medela, Inc., and Peg Perego U.S.A., Inc. ("Defendants")



(Doc. 737); and (b) Motion for Award of Attorneys' Fees, Expenses and Incentive Awards for Named Plaintiffs (Doc. 738).

3. The Retailer Plaintiffs' case and the Class Action, while distinct actions with different plaintiffs, were litigated in a coordinated fashion before this Court. Both cases allege that Babies 'R' Us ("BRU") engaged in concerted action with certain baby product manufacturers (the "Manufacturer Defendants") to impose, enforce, and/or heighten the enforcement of resale price maintenance by their respective retailers, and that, in turn, the Manufacturer Defendants engaged in concerted action with various retailers, including the Retailer Plaintiffs, BRU, and other retailers, to do so (the "RPM agreements"). The Retailer Plaintiffs claimed (and as to one remaining defendant continue to claim) that the RPM agreements prevented them from discounting and/or resulted in their terminations, all of which caused them to lose sales and profits. The Class Action plaintiffs claimed that the RPM agreements caused the class plaintiffs and the class members to pay artificially inflated prices for certain baby products. Together with Faruqi & Farqui, LLP, I and my firm litigated and are actively preparing for trial against the one remaining defendant in the Retailer Plaintiffs' case.

4. The Retailer Plaintiffs' initial complaint was filed on December 29, 2005. The first class action complaint on behalf of consumer plaintiffs was filed January 16, 2006. The Court coordinated the Class Action and Retailer Plaintiffs' cases for purposes of discovery on March 3, 2006 [Doc. 20].

5. While the cases were litigated side-by-side for efficiency purposes, no Class Counsel has at any time represented the Retailer Plaintiffs (BabyAge and Baby Club) in these matters, and neither I nor my co-counsel in the Retailer Plaintiffs' case has at any time



represented the class plaintiffs or the class in this case. No attorney for the class in the Class Action has received any fees derived from the Retailer Plaintiffs' action. Moreover, neither I nor my co-counsel have received, or expect to receive, any fees from the Class Action.

    6.    Since the initial complaints were filed in these cases, there were two significant legal developments that amplified the complexity and risks associated with litigating these cases.

    a.    First, in May of 2007, the Supreme Court issued its opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which was portrayed by the Defendants as heightening the pleading requirements for alleging an antitrust conspiracy. All parties had fully briefed, and the Court had denied, Defendants' motions to dismiss before the *Twombly* decision had issued. After *Twombly*, both the Retailer Plaintiffs and the Class Plaintiffs were directed by the Court to amend their respective complaints to address *Twombly*, and Defendants in turn filed renewed motions to dismiss. Thus, the *Twombly* decision precipitated a second, voluminous round of briefing on the sufficiency of the pleadings, and further delayed both the Retailer and the Class litigation. In total, Retailer Plaintiffs and Class Plaintiffs filed a combined four joint briefs in opposition and a sur-reply to Defendants' myriad motions to dismiss. On May 20, 2008, the Court denied Defendants' motions (Doc. 334).

    b.    Second, in June 2007, the Supreme Court's opinion in *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007), overruled a nearly one-hundred year old precedent that had deemed RPM agreements *per se* illegal under Section 1 of the Sherman Act, by now requiring that RPM claims be judged under the rule of reason. This change in the law substantially increased the burden and complexity of this litigation



to all Plaintiffs because, unlike in a *per se* case, under the rule of reason Plaintiffs are required to prove anti-competitive effects arising from the RPM scheme, and Defendants are entitled to present evidence of pro-competitive justifications for their conduct.

7. Defendants in both parallel actions put on aggressive defenses of these claims. This pattern continues even today with regard to Peg Perego, the one remaining defendant in the Retailer Plaintiffs' case. The parties have recently completed briefing on Peg Perego's motion for summary judgment in the Retailers' Case.

8. Based on my personal experience in working with Class Counsel on joint matters in this case—including discovery, strategy sessions, arguments and briefing— it is my opinion that Class Counsel have done an exemplary job litigating this case. They worked hard and they worked efficiently and with the highest of ethical standards. In my considered view, the Class was well represented in this case.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 13th day of June, 2011

_____
Eric L. Cramer
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
215-875-3000
ecramer@bm.net

4

