# EXHIBIT 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

K.J. EGLESTON, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

HEARTLAND INDUSTRIAL PARTNERS, L.P., a Delaware limited liability partnership, HEARTLAND INDUSTRIAL ASSOCIATES, L.L.C., a Delaware limited company, DAVID A. STOCKMAN, J. MICHAEL STEPP, and BRYCE M. KOTH,

          Defendants

Case No. 2:06-cv-13555-GER-SDP

Honorable Gerald E. Rosen

**SETTLEMENT DISTRIBUTION ORDER**

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the Stipulation and Agreement of Settlement as of February 17, 2010 (the "Stipulation"), on behalf of the "Settlement Class" comprised of all individuals and entities who purchased or otherwise acquired the securities of C&A and who suffered damages, including without limitation the common stock of C&A and the C&A Notes, during the period between August 6, 2002 and May 17, 2005, inclusive. Excluded from the Settlement Class are the Defendants, past or present directors and officers of C&A, members of their immediate families, parents, subsidiaries and affiliates of C&A, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or has had a controlling interest, any

\650584

Released Parties, and, to the extent of their claims in the MainStay Action, MainStay Class Members.

WHEREAS, on June 10, 2010, this Court held a final approval hearing on the fairness of the terms and conditions of the Settlement, at which time all members of the Settlement Class were provided with an opportunity to be heard;

WHEREAS, following the final approval hearing, this Court signed an Order and Final Judgment ("Final Judgment") approving the Settlement, finding, *inter alia*, that the Settlement was fair, reasonable, adequate and in the best interests of the Settlement Class and that the Notice provided to the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

WHEREAS, this Court reserved jurisdiction, without affecting the finality of the Final Judgment, over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned or accrued thereon; (b) disposition of the Settlement Fund; (c) enforcement and administration of the Stipulation and the Settlement including any releases in connection therewith; and (d) all other matters related or ancillary to the foregoing;

WHEREAS, Class Counsel and their professional claims administrator, The Garden City Group, Inc. ("GCG") have now completed all steps required for the administration, review, processing and validation of claims as set forth in the Stipulation and have calculated, pursuant to the terms of the Plan of Allocation set forth in the Stipulation and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the recognized loss amount for all valid Proof of Claim forms submitted pursuant to the Settlement Notice for each claimant;

WHEREAS, Class Counsel and GCG have reported to this Court on the administration, review, processing, validation and calculation of all claims and have provided a final report, attached as Exhibit A to this Order, listing all valid and complete claims and all rejected claims, along with the reason for each rejection;

WHEREAS, GCG has reviewed the Proof of Claim forms received from all claimants. In that regard, GCG established internal claim codes to identify and classify types of claims and conditions that existed within the claims. These claim conditions included, among other things, notations about which claims were partially deficient and which claims were wholly deficient. Accordingly, if a claim was determined to be wholly deficient (for example, if the claim was missing documentation for the entire claim, or the claimant did not sign the claim or did not provide enough documentation to substantiate the Settlement Class member's holdings during the Settlement Class Period), GCG mailed a letter entitled "Notice of Rejection of Your Entire Claim." This letter described to the claimant the defects with his, her or its claim and what, if anything, was necessary to complete the claim. The letter required a submission of the appropriate information and/or documentary evidence to complete the claim within twenty (20) days or the claim would be rejected in its entirety;

WHEREAS, if GCG determined that a claim was partially deficient, it sent out a letter entitled "Notice of Rejection of Part of Your Claim" to notify claimants of the rejection of their claims, in part (for example, if the claimant was missing documentation for part of the claim). This letter described to the claimant the defect(s) in his, her or its claim and what was necessary to complete the claim, or the claim would only be eligible to the extent it was complete and documented. This letter also provided a twenty (20) day window to complete the claim;

WHEREAS, all letters rejecting a claim in part, or in its entirety, further advised the claimant of his, her or its right to request this Court's review of GCG's administrative determination rejecting the claim. The letters stated that the claimant could request this Court's review of the rejection of the claim by filing a statement in writing setting forth the reasons why he, she, or it believes that the claim was adequate as submitted. If the response did not cure the defect or the claimant did not provide the necessary information within the deadline, GCG reached out to the claimant and provided additional direction on how to cure their deficiency; otherwise, no additional communication was made with the claimant;

WHEREAS, a total of 3,592 persons or entities have filed claims herein prior to February 4, 2011. Of these 3,592 claims, a total of 1,612 claims (of which 37 were untimely but otherwise valid) have been provisionally accepted. At the request of Class Counsel, the timely and valid claims were segregated from the untimely, but otherwise valid claims, and are set forth in Parts I and II of Exhibit A hereto;

WHEREAS, GCG has accepted 1,612 claims representing a total recognized loss of $177,236,043.68, including $172,214,932.32 from timely claims and $5,021,111.36 from claims filed after June 8, 2010;

WHEREAS, a total of 1,980 claims were rejected for the following reasons:

| NO. OF CLAIMS | REASON FOR REJECTION |
|---|---|
| 746 | Claim did not fit the Definition of the Class |
| 904 | Claim did not result in a Recognized Loss |
| 33 | Duplicate Claims |
| 280 | Deficient Claim Never Cured |

\645833     4

|     |     |
| --- | --- |
| 17  | MainStay Eligible Claims[1] |

The vast majority of rejected claims were rejected because the claimant was either not a class member or did not suffer a recognized loss;

WHEREAS, only 41 claimants initially asked for Court review of the determination that their claims are invalid, and all of those claimants withdrew that request after further communications with the Claims Administrator during which they were given additional explanation as to why their claims had been rejected, and if it was possible for them to address a deficiency, given an opportunity to correct that deficiency;

WHEREAS, Class Counsel has moved this Court for approval of GCG's determination and treatment of all valid and invalid claims;

WHEREAS, Class Counsel has moved this Court for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Stipulation;

WHEREAS, Class Counsel has moved this Court for approval of the plan for re-distribution and/or donation of any funds remaining in the Net Settlement Fund following the distribution to Settlement Class members;

WHEREAS, Class Counsel has moved this Court for approval to pay the remainder of GCG's outstanding fees and expenses. GCG's fees and out-of-pocket

---

[1] The Settlement Stipulation in this Action also calls for the payment of $12,362,500 in the form of cash and a note as settlement compensation in an action titled *MainStay High Yield Corporate Bond Fund v. Heartland Industrial Partners, L.P., et al.* (the "MainStay Action"). The MainStay Action arises from the same facts as this Action, is against the same Defendants as those in this Action and certain additional defendants, and is brought on behalf of persons and entities who purchased C&A 10.75% Notes and 12.875% Notes through their duly authorized investment advisor, MacKay Shields LLC. The total amount which Defendants will be paying in settlement of the two litigations is thus $24,625,000. (The MainStay class will be receiving $100,000 more than the Settlement Class in this Action, due to the presence of a defendant in that case who is not here a Defendant.) Persons who are eligible to receive settlement distributions through the MainStay Action are, to the extent of that recovery, not eligible to recover in this Action.

\645833    5

expenses incurred to date are $241,068.71, and the fees expected to be incurred through the distribution of the Net Settlement Fund are $24,967.18. Thus, GCG's total fees and expenses are $266,035.89. GCG's invoice has been reviewed by Class Counsel and these amounts are consistent with the types of expenses generally charged in comparable class actions for the services GCG provided for an action of this size. As such, Class Counsel has moved this Court for approval of payment of $266,035.89 to GCG from the Settlement Fund for its outstanding fees and expenses for settlement administration;

WHEREAS, Class Counsel has moved this Court for approval of additional attorneys' out-of-pocket expenses in the amount of $37,657.33 not compensated by this Court's prior expense award;

WHEREAS, in Class Counsel's motion for a fee award, Class Counsel requested "a fee award of 33 1/3% of the Settlement Fund after that Settlement Fund is reduced by the $950,000 that Class Counsel [sought] in reimbursement for their expenses and for certain expenses incurred by Lead Plaintiff," (Dkt. 259, at 15-16); the Court awarded Class Counsel "25% of the Egleston Settlement Fund, including interest earned thereon, after deducting the expense award of $961,331.74 (plus interest earned thereon)" (Dkt. 263, at ¶ 4), an amount that did not include payments to be made to the Claims Administrator, GCG, for its work with respect to the action; and whereas Plaintiff has moved this Court for clarification that Plaintiff's previously awarded counsels' fee of 25% of the Settlement Fund is to be calculated prior to the deduction from the Settlement Fund of GCG's fees and expenses, although after the deduction from the Settlement Fund for all the $961,331.74 of Class Counsel's expenses referenced in the preceding fee order, and the $37,657.33 referenced in this order; and

WHEREAS, Class Counsel has moved this Court for approval of the destruction of paper copies of Proofs of Claim and all supporting documentation one (1) year after distribution of the Net Settlement Fund, and authorizing the destruction of electronic copies of claim records three (3) years after distribution of the Net Settlement Fund;

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by claimants fully complied with the notice and administration provisions and the plan of allocation set forth in the Stipulation and Settlement Notice and approved by this Court.

2. This Court approves of Class Counsel's administration with respect to payment of all taxes owed by the Settlement Fund and directs that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on interest earned by the Settlement Fund while in escrow, if any.

3. This Court allows all complete and valid claims, including those filed timely and those received late but prior to February 4, 2011, as determined by GCG and directs payment of each such claimant's *pro rata* share from the proceeds of the Net Settlement Fund, after payment of all administrative and counsel's fees and expenses allowed herein or previously approved and taxes due or owing, to all claimants whose claims are listed as eligible claims, to the extent of such eligibility, in Exhibit A, Parts I

and II. The checks for distribution to the claimants shall bear the notation "CASH PROMPTLY. VOID 180 DAYS AFTER ISSUE DATE," or words of similar import.

    4. This Court finds that the claims of all claimants listed in Exhibit A, Part III which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims listed in Exhibit A, Part III are rejected.

    5. This Court directs Class Counsel, together with GCG, to continue administration of the Settlement pursuant to the Stipulation, the Final Judgment, and this Order.

    6. This Court directs Class Counsel to attempt to locate claimants whose distribution checks are returned or remain uncashed by telephoning claimants at the numbers provided in the claimants' original claim forms, if any, and, if such calls are unsuccessful in locating claimants, to use other ordinary and reasonable means to attempt to locate claimants and, to the extent claimants are located, Class Counsel shall distribute checks to those claimants where possible and appropriate.

    7. Checks not cashed within six (6) months of the issuance date will be cancelled. Attempts to contact the authorized claimants who are the payees of cancelled checks will be made at the discretion of Class Counsel in consultation with GCG.

    8. After six (6) months following the initial distribution of the Net Settlement Fund to authorized claimants, Class Counsel may make a second distribution of the funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, if a second distribution is economically feasible, to all authorized claimants

who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution after: (i) payment of any amounts mistakenly omitted from the initial distribution to authorized claimants and (ii) payment of any additional settlement administration fees and expenses, as may be approved by the Court. If after six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund, then Class Counsel shall donate such balance to Focus: HOPE, 1355 Oakman Boulevard, Detroit, Michigan 48238-2849.

9. The request of GCG for payment of its fees and expenses incurred and expected to be incurred in administration of the Settlement of $266,035.89 is approved. Class Counsel is directed to pay such amount to GCG from the Settlement Fund.

10. The request of Class Counsel for payment of its outstanding expenses for the administration of the Settlement in the total amount of $37,657.33 not compensated by this Court's prior expense award is approved.

11. The Court clarifies that that Plaintiff's previously awarded counsels' fee of 25% of the Settlement Fund is be calculated prior to the deduction from the Settlement Fund of GCG's fees and expenses, although after the deduction from the Settlement Fund for all the $961,331.74 of Class Counsel's expenses referenced in the preceding fee order, and the $37,657.33 referenced in this order.

12. Class Counsel and/or GCG may request reimbursement from this Court of any additional fees and/or expenses incurred between February 9, 2011, and

\645833 9

completion of the Settlement administration, provided that payment for any such request shall be limited to amounts available from the Settlement Fund.

13. All persons involved in the review, validation, calculation, tabulation or any other aspect of the processing of the claims filed in this Action or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the released parties beyond the amount allocated to them pursuant to this Order.

14. Class Counsel and GCG are authorized to discard paper or hard copies of the Proof of Claim forms and other materials one (1) year after the initial distribution of the Settlement Fund to Authorized Claimants, and electronic or magnetic media data three (3) years after the initial distribution of the Settlement Fund to Authorized Claimants.

15. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Judgment.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: April 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 14, 2011, by electronic and/or ordinary mail.

                    s/Ruth A. Gunther
                    Case Manager

\645833                                             10