# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE OSB ANTITRUST LITIGATION : | |
| : | Master File No. 06-826 |
| : | |
| THIS DOCUMENT RELATES TO: : | |
| ALL DIRECT ACTIONS : | |
| : | |

# ORDER

On August 22, 2008, I preliminarily approved Settlements between Direct Purchaser Plaintiffs and Defendants Norbord Industries, Inc., Potlatch Corporation, Weyerhaeuser Company, Grant Forest Products, Inc. and Grant Forest Products Sales, Inc., and Louisiana-Pacific Corporation, and authorized dissemination of Notice of the Settlements to Litigation Class Members. (Doc. No. 878.) A group of sixteen Class Members – the RV Class Members – filed objections to these settlements on November 3, 2008. (Doc. No. 906.) Plaintiffs responded on November 10, 2008. (Doc. No. 915.) In separate Orders, I have today approved the Settlements with these Defendants. I will overrule the RVCMs' objections.

The RVCMs raise four objections to the Settlements: (1) the Combined Notice failed to provide a second opt-out opportunity; (2) the Combined Notice failed adequately to describe a Plan of Allocation; (3) Class Counsel failed to comply with Federal Rule of Civil Procedure 23(h); and (4) I should reduce the attorneys' fees I award to Class Counsel so that I may award fees to the RVCMs' attorneys for their efforts with respect to the Georgia-Pacific settlement (which I finally approved on August 12, 2008). I overrule all four objections.

The RVCMs' primary objection relates to their request for a second opportunity to opt

1

out of the Class. The RVCMs previously raised this contention in opposing the preliminary approval of these Settlements. (Doc. Nos. 805, 824, 841, 842.) I considered and rejected their arguments in my Order dated August 7, 2008. (Doc. No. 863.) For the reasons stated in my August 7th Order, this objection is overruled.

The RVCMs next argue that the Combined Notice failed to provide any Plan of Allocation. To the contrary, the Combined Notice provided:

> For each Class, the available settlement funds will be distributed on a pro rata basis to the members of that Class that file a Claim Form ("Claimant"). Within each Class, a Claimant's pro rata share of the settlement will be determined by dividing (a) the dollar value of the Claimant's direct purchases of the OSB products included in the Class by (b) the total dollar value of all Claims made by members of that Class.

See Combined Notice ¶ 1.6. This is a clear and sufficiently thorough explanation of how the settlement funds will be distributed. Accordingly, the second objection is overruled.

Third, the RVCMs argue that Class Counsel did not comply with Rule 23(h) because Class Counsel filed their Motion for Attorneys' Fees on November 10, 2008, one week after the November 3rd deadline for objections. Rule 23(h) provides:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> (2) A class member, or a party from whom payment is sought, may object to the motion.

The Combined Notice alerted class members that Class Counsel "will petition the Court for an award from the settlement funds of attorneys' fees and for reimbursement of litigation expenses . . . ." The Combined Notice further provided that a copy of this motion would be available at www.OSBSettlement.com. Importantly, the Combined Notice stated that Class

Counsel "will request an award of attorneys' fees that will not exceed one-third (33 and 1/3 percent) of the total amount of the settlements."  See Combined Notice ¶ 1.8.

The Combined Notice thus provided ample notice to the Class that Class Counsel would file a motion seeking attorneys' fees for as much as one-third of the total settlement amount.  If the RVCMs believed that this was unreasonable, they were free to file objections by the November 3rd deadline.  This procedure therefore complied with Rules 23(h) and 54(d)(2).

Moreover, counsel for the RVCMs admitted at the final approval hearing that this was a "technical objection," and that "[Class Counsel] has cited case law that would appear to countenance the procedure that's been followed."  (Tr. Nov. 24, 2008 at 34.)  See, e.g., Stop & Shop Supermarket Co. v. SmithKline Beecham Corp., No. 03-4578, 2005 WL 1213926, at *10 (E.D. Pa. May 19, 2005) (notice stated that counsel would seek up to 33 1/3% of the settlement fund in attorneys' fees); McCoy v. Health Net, Inc., 569 F. Supp. 2d 448, 473 (D.N.J. 2008) (notice that counsel would seek fees "not to exceed 2.5 times" their lodestar constituted "sufficient notice" of the fee request); In re Bisys Securities Litig., No. 04-3840, 2007 WL 2049726 (S.D.N.Y. July 16, 2007) (rejecting a Rule 23(h) challenge to a fee petition, where the notice indicated counsel's intent to apply for a fee not to exceed one-third of the settlement fund and counsel did not file the actual application for fees until after the objection deadline passed).  Accordingly, I overrule this objection.

Finally, the RVCMs contend that they are entitled to attorneys' fees for their actions with respect to the Georgia-Pacific Settlement.  I deny this request in a separate Order issued today.  Insofar as it is an objection, I overrule it for the reasons stated in today's companion Order.

**AND NOW**, this 9th day of December, 2008, it is **ORDERED** that the RVCMs' objections to the Settlements with Norbord, Potlatch, Weyerhaeuser, Grant, and Louisiana-Pacific are **OVERRULED**.

        **AND IT IS SO ORDERED.**

        /s/ Paul S. Diamond

        _____

        **Paul S. Diamond, J.**