IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>       Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>       Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>       Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>       Defendants. | No. 2:09-cv-06151-AB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT
REGAL LAGER, INC.'S MOTION FOR A PAYMENT PLAN**

    Defendant Regal Lager, Inc. ("Regal Lager"), after breaking its promise to contribute to the Settlement Fund[1] in this case, has now asked this Court to accept another promise to pay to satisfy its obligation under the Settlement Agreement and this Court's clear direction.[2] Without seeking reconsideration of this Court's June 13, 2011 Order (*McDonough* Dkt. No. 759), and having already lost its attempt to void its contract with Plaintiffs, Regal Lager now attempts to bargain with this Court over its debt. Regal Lager's request is based upon insufficient and

---

[1] All capitalized terms in this Response shall have the same meaning as set forth in the Settlement Agreement.

[2] Defendant Regal Lager, Inc.'s Brief in Support of Motion for Extension of Time for Compliance with Order and Approval of Payment Plan (Dkt. No. 768) (filed under seal) is hereinafter referred to as "Brief."

contradictory statements regarding Regal Lager's ability to pay, is unreasonable given the history of non-payment to date, and is incompatible with the notice requirements of Fed. R. Civ. P. 23.

Regal Lager, having paid less than twenty percent of its agreed upon contribution to the Settlement Fund, is now asking the Court to permit it to pay only $7,500.00 per month until the full amount is paid – a payment schedule of twenty-eight months.[3]  Regal Lager proposes to pay no interest.  Regal Lager offers no security or collateral to guarantee its payment.  Regal Lager acknowledges that future notice to the Class may be necessary if the Court were to agree with its proposed scheme, but does not offer to bear any of those extra notice costs.  See Brief at 2.  In fact, Regal Lager does not even offer to delay its receipt of a release until it has made its final payment.

The Court is about to consider the fairness of the settlement as a whole.  By contract, Regal Lager agreed to contribute $260,000.00 of the original $35.5 million Settlement Fund for the benefit of the Class.  Regal Lager seeks to use over two hundred thousand dollars of what should be Class members' money, for more than two years, interest-free, so that it may continue its business operations.  This request is confusing, since Regal Lager concedes that it has a pool of money from which it is able to pay at least some of its obligations.  It simply does not want to pay the class, preferring to use its available funds to continue its operations rather than to pay the Class.  See Lager Decl. at ¶ 19.[4]

---

[3] Regal Lager offers only the Declaration of Bengt Lager in Support of Regal Lager, Inc.'s Motion for Extension of Time for Compliance with Order and Approval of Payment Plan ("Lager Decl.") to support its claim of an inability to pay, without offering any business records, financial records, or tax returns to support its claims.

[4] Regal Lager also claims that it needs its cash for non-discretionary items, however, it fails to identify a single such item.  See Lager Decl. at ¶ 23.  Moreover, Regal Lager fails to specify a single reason why its payment to the Settlement Fund should be considered discretionary.

Regal Lager's scheme leaves the Class in a worse position than it is today. At the end of January, 2011, Regal Lager was contractually bound to make its settlement contribution.[5] In March, 2011, Regal Lager breached that obligation, and refused to pay. Class Counsel spent many hours dealing with the resulting notice issues and seeking to enforce the Settlement Agreement, culminating in the Court's June 13 Order. Now, Regal Lager proposes to again have a future obligation to pay, secured by nothing. Given Regal Lager's past history, and admitted financial straits, the Class has to be concerned that Regal Lager may again determine that its financial interest is best served by breaching its contract. Since under Regal Lager's proposal, the release of the claims against it by the Class would become effective on Final Approval of the Settlement, the Class would be left with no claims *and* no money.

In essence, what Regal Lager asks the Court to do is to loan it money from the Class's coffers. The Court should reject this request by Regal Lager and enter Judgment against it in accordance with this Court's June 13, 2011 Order.

Dated: June 30, 2011                                   Respectfully submitted,

                                                                  /s/ Eugene A. Spector
                                                                  Eugene A. Spector
                                                                  William G. Caldes
                                                                  Jeffrey L. Spector
                                                                  SPECTOR ROSEMAN KODROFF
                                                                  & WILLIS, P.C.
                                                                  1818 Market Street, Suite 2500
                                                                  Philadelphia, PA 19103
                                                                  Tel.: (215) 496-0300
                                                                  Fax: (215) 496-6611

---

[5] Moreover, Regal Lager affirmed that contractual obligation twice in February, 2011, by executing two amendments to the Settlement Agreement directly relating to its duty to make its contribution to the Settlement Fund.

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 West Lake Street, Suite 400
Oak Park, IL 60301
Tel.: (708) 628-4949
Fax: (708) 628-4950

Steve W. Berman
Anthony D. Shapiro
George W. Sampson
Ivy Arai Tabbara
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

Mary Jane Fait
Theodore B. Bell
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Tel.: (312) 984-0000
Fax: (312) 984-0001

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLC
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

**CLASS COUNSEL**