*Allocation Order*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br><br>Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br><br>Defendants. | No. 2:09-cv-06151-AB |

## [PROPOSED] ALLOCATION ORDER

WHEREAS, the Court granted final approval to the Settlement Agreement dated January 21, 2011 among the parties to these actions;

WHEREAS, the Court certified the following Settlement Subclasses:

(a) All persons who directly purchased any BabyBjörn baby carrier distributed by Regal Lager from Babies "R" Us within the U.S. during the period February 2, 2000, to April 30, 2005 ("BabyBjörn Settlement Subclass").

(b) All persons who directly purchased any Britax car seat from Babies "R" Us within the U.S. during the period January 1, 1999 to January 31, 2011 ("Britax Settlement Subclass").

(c) All persons who directly purchased any Kids Line product from Babies

"R" Us within the U.S. during the period January 1, 1999 to December 31, 2006 ("Kids Line Settlement Subclass").

(d)   All persons who directly purchased any Maclaren stroller from Babies "R" Us within the U.S. during the period October 1, 1999, to January 31, 2011 ("Maclaren Settlement Subclass")

(e)   All persons who directly purchased any Medela Pump In Style breast pump from Babies "R" Us within the U.S. during the period July 1, 1999, to January 31, 2011 ("Medela Settlement Subclass").

(f)   All persons who directly purchased any Peg Perego stroller from Babies "R" Us within the U.S. during the period July 1, 1999, to January 31, 2011 ("Peg Perego Stroller Settlement Subclass").

(g)   All persons who directly purchased any Peg Perego high chair from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011 ("Peg Perego High Chair Settlement Subclass").

(h)   All persons who directly purchased any Peg Perego car seat from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011 ("Peg Perego Car Seat Settlement Subclass").

WHEREAS, the Settlement is Final and the Settlement Fund must now be allocated among the Settlement Classes for distribution to the Settlement Class Members;

WHEREAS, as part of the motion for final approval, Plaintiffs requested that the Court enter the Allocation Order;

After consideration of all the submissions in connection with this matter,

IT IS HEREBY ORDERED THAT:

1. The proposed allocation of the Settlement Fund among the Settlement Classes is adjudged to be fair, reasonable, and adequate and in the best interests of Plaintiffs and the Settlement Classes as a whole, as well as each Settlement Class individually and the Settlement Class Members, and satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process.

2. The Court finds that the Notice and the Notice Plan, and with respect to this Allocation Order, constituted the best notice practicable under the circumstances and constituted valid, due and sufficient notice to all persons entitled thereto.

3. The Court directs the Settlement Trustees and/or the Claims Administrator to allocate the Net Settlement Fund, after payment of all required expenses under the Settlement Agreement as well as any payments due from the Fee and Expense Order and subject to the provisions below, to the Settlement Classes, defined as the members of the Settlement Subclasses who do not timely and validly exclude themselves from the Settlement in accordance with the requirements set forth in the Notice or as otherwise approved by the Court, as follows:

| **Settlement Classes** | **Percentage Allocation from the Settlement Fund** |
|---|---|
| Britax Settlement Class | 28 % |
| Medela Settlement Class | 22% |
| Peg Perego Car Seats Settlement Class | 3% |
| Peg Perego High Chairs Settlement Class | 4% |
| Peg Perego Strollers Settlement Class | 9% |
| BabyBjörn Settlement Class | 6% |
| Maclaren Settlement Class | 7% |
| Kids Line Settlement Class | 21% |

3

The allocation to each of the Settlement Classes from the Net Settlement Fund is referred to as the "Percentage Allocation from the Settlement Fund." The dollar amount within each of the funds for the individual Settlement Classes ("Individual Settlement Fund") is referred to as the "Settlement Class Amount."

4. The Claims Administrator is directed to make payments from each Individual Settlement Fund to Authorized Claimants as follows.

5. Class Counsel shall submit to the Claims Administrator a list comprised of each Settlement Product together with its estimated retail price for each year (the "ERP"). The ERP shall be calculated from pricing information obtained from the defendants and public sources.

6. Payments to Authorized Claimants.

   a. Each Authorized Claimant who files a valid, sworn and timely Claim Form and who submits documents that the Claims Administrator determines are valid proof of purchase and purchase price shall be entitled to a payment from the Individual Settlement Fund(s) for which he or she is eligible in the amount of twenty percent (20%) of his or her actual purchase price of each Settlement Product, or $5.00, whichever is greater, subject to the pro rata reductions or enhancements described below.

   b. If an Authorized Claimant submits a valid, sworn and timely Claim Form and submits documents that the Claims Administrator determines are valid proof of purchase but does not provide proof of his or her actual purchase price, he or she shall be entitled to a payment from the Individual Settlement Fund(s) for which he

or she is eligible in the amount of twenty percent (20%) of the ERP of each Settlement Product, or $5.00, whichever is greater, subject to the pro rata reductions or enhancements described below. The amounts computed for any Authorized Claimant as set forth in these sub-paragraphs 6(a) or 6(b) shall be referred to as "Initial Authorized Payments."

   c. If an Authorized Claimant submits a valid, sworn and timely Claim Form but does not submit either valid proof of purchase or proof of purchase price, he or she shall be entitled to a one-time payment of $5.00 from the Individual Settlement Fund(s) for which he or she is eligible, but in any event shall not be entitled to any enhancement nor be entitled to more than one $5.00 payment from each Individual Settlement Fund. The amounts computed for Authorized Claimants as set forth in this sub-paragraph 6(c) shall be referred to as "Single Payments."

   d. Valid proof of purchase may include but is not limited to receipts, cancelled checks, credit card statements, records from Toys 'R' Us or Babies 'R' Us, or other records that show the Authorized Claimant purchased the Settlement Product(s) from Toys 'R' Us or Babies 'R' Us, and when the purchase was made.

7. If payment of the total of the Single Payments and Initial Authorized Payments for a particular Settlement Class would not exhaust the Individual Settlement Fund from which they are to be made, then all of the Initial Authorized Payments (but not the Single Payments) for a Settlement Class shall be increased by an equal percentage until the Individual Settlement Fund would be exhausted or until each Authorized Claimant eligible for Initial Authorized Payments would receive a maximum of three times his/her Initial Authorized Payments ("Enhanced Authorized Payments"). When each of the Authorized Claimants eligible for Initial Authorized

Payments in a Settlement Class is allocated the maximum Enhanced Authorized Payment, the Settlement Class shall be deemed fully satisfied. Any Settlement Class Amounts above the amounts necessary to pay the Single Payments and the maximum Enhanced Authorized Payment for a Settlement Class are "Excess Amounts."

8. If payment of the total of the Single Payments and the Initial Authorized Payments for a particular Settlement Class would exceed the Individual Settlement Fund from which they are to be made, then the Individual Settlement Fund shall be referred to as an "Exhausted Settlement Fund."

9. If there are no Excess Amounts after the calculations above, then all Authorized Claims shall be paid solely from the respective Settlement Classes' Individual Settlement Funds and all Authorized Claims, including both Single Payments and Initial Authorized Payments, in any Exhausted Settlement Fund shall be reduced pro rata ("Pro Rata Authorized Payments").

10. If there are Excess Amounts and Exhausted Settlement Funds, the Excess Amounts shall be aggregated together and then reallocated to the Exhausted Settlement Funds in accordance with the Percentage Allocation from the Settlement Fund up to the amount necessary that would provide sufficient amounts in the Exhausted Settlement Fund to pay the Single Payments and the Initial Authorized Payment to each Authorized Claimant. As long as there remain Excess Amounts and Exhausted Settlement Funds, this procedure shall be repeated.

11. If there remain Excess Amounts after implementation of paragraph 10, the remaining Excess Amounts shall be reallocated to the Settlement Classes whose members that are eligible for Initial Authorized Payments have not been allocated the maximum Enhanced Authorized Payment. The reallocation shall be calculated in a manner designed to equalize the percentage by which the aggregate of the Enhanced Authorized Payments for each such Settlement Class

exceeds the aggregate of the Initial Authorized Payments for that respective Settlement Class, but in no instance shall funds allocated pursuant to paragraph 3 be taken from any Individual Settlement Fund whose members have not been allocated the maximum Enhanced Authorized Payment.

12. Following the calculations provided for above, if there still remains Excess Amounts, the remaining Excess Amounts, after deduction of any further fees and expenses for administration approved by the Court, shall be distributed as provided below.

13. Within 120 days of the Claims Deadline, the Claims Administrator shall identify and submit to Class Counsel an accounting of all Single Payments, Initial Authorized Payments, Enhanced Authorized Payments and all Pro Rata Authorized Payments the Claims Administrator intends to pay. At the same time, the Claims Administrator will provide Defendants with sufficient information to (i) identify, for each Individual Settlement Fund, the aggregate of all amounts the Claims Administrator intends to pay to Authorized Claimants, and (ii) explain, for each Individual Settlement Fund, the calculation as provided for in this Allocation Order. Within 14 days of such notice, Class Counsel shall identify any issues or communicate their agreement with the payments proposed to be made by the Class Administrator. If Class Counsel and the Claims Administrator are unable to agree on the appropriate payments to be made or the resolution of any outstanding issues, they shall request an Order from the Court resolving any such issues. No payments shall be made until so ordered by the Court.

14. If there are any funds remaining in the Net Settlement Fund or any Individual Settlement Fund or in the Excess Amount or any other funds to which the Settlement Fund was allocated or distributed after all payments ordered by the Court have been made ("Final Excess Amount"), the Claims Administrator shall notify Class Counsel and Defendants' Counsel of the

Final Excess Amount. The parties shall then apply to the Court for an order pursuant to paragraph 22 of the Settlement Agreement to distribute the Final Excess Amount to charities approved by the Court.

15. This Order shall finally resolve the claims, rights and liabilities of the parties related to the allocation of the Settlement Fund, there is no just reason for delay and shall be considered final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).

**SO ORDERED.**

Dated: _December 20_, 2011

_____
Judge Anita Brody