# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>    Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>    Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>    Plaintiffs<br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>    Defendants. | No. 2:09-cv-06151-AB |

### PLAINTIFFS' RESPONSE TO OBJECTOR KEVIN YOUNG'S NOTICE OF APPEARANCE

Plaintiffs file this brief in response to the putative Notice of Appearance of Adam Schulman, filed on February 20, 2013 [Dkt. No. 808] and the Court's Order dated February 21, 2013 [Dkt. 809] permitting all parties to respond. Mr. Schulman's notice should be rejected because, on remand, his client is not a party.

### STATEMENT OF FACTS

Mr. Schulman works for the Center for Class Action Fairness, which represents Kevin Young, who objected to the settlement in this litigation and appealed the grant of final approval. By Order dated February 19, 2013, the Court of Appeals for the Third Circuit reversed the grant of final approval and remanded the case for further proceedings concerning the settlement. *In re Baby Products Antitrust Litigation*, ___ F.3d ___ , 2013 U.S. App. LEXIS 3379 (3d Cir. 2013). The next day, Mr. Schulman filed his notice. Mr. Young has never, by any counsel, sought or

been granted intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, and thus has no standing to appear in this action.

## ARGUMENT

### A. Mr. Young Is Not A Party

It is black letter law that an absent class member who has not intervened in an action is not a party to that litigation. *See Hansberry v. Lee*, 311 U.S. 32, 41-43 (1940) (the purpose of class actions is to permit absent class members who are adequately represented in an action to be bound by a judgment without appearing as parties). Indeed, the Third Circuit noted that Mr. Young was not a party, stating that "the objectors were not parties to the underlying action …." *In re Baby Prods. Antitrust Litig.,* 2013 U.S. App. LEXIS 3379 at *6-7, n.3. Mr. Young exercised his right to object to the settlement, and thereafter appealed. However, an objector to a class action settlement does not become an intervenor in the litigation, or a party of any sort before the District Court, by appealing. *See In re Baby Prods*. at *42 (providing that any future challenge to a *cy pres* award in this litigation must be made by a motion to intervene). Rather, a timely objector to a class action settlement may appeal the approval of that settlement under the narrow exception set forth in *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002).

The so-called *Devlin* exception to the general rule that non-parties cannot appeal, applies specifically to appeals by objecting class members. *In re Baby Prods.,* 2013 U.S. App. LEXIS 3379 at *6-7, n.3, citing *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002). The *Devlin* exception applies exclusively in the appellate context and has no effect on the case once remanded to the District Court. The narrow exception recognized in *Devlin* does not suggest that a person with limited standing to appeal a settlement somehow remains a party to the action after the case is remanded to the District Court. Indeed, the very definition of the *Devlin* exception states that it

only applies to parties seeking to appeal the approval of a class settlement. *Devlin*, 536 U.S. at 41 (exception applies to class members who have objected in a timely manner).

### B. Mr. Young Has Not Sought Intervention

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. It has subdivisions for intervention as of right, and permissive intervention. Fed. R. Civ. P 24. The requirements are both substantive and procedural.

The Third Circuit standard for intervention as of right by an unnamed class member requires:

> "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

*In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 349, n.26 (3d Cir. 2010)(citing cases).

Mr. Young has *not made any* motion to intervene, let alone a timely one. His counsel seeks to ignore the statutory requirement simply by noticing an appearance. No procedure permits this. The Court need not rule on whether he satisfies the remaining prongs until he has satisfied the first, but on remand it appears doubtful that he could do so. The standard requires that the existing parties to the action do not adequately represent Mr. Young's interest. There is no basis to make such an allegation until a proposal is made for the Court's further action on the settlement. Since Mr. Young cannot meet the standard for intervention, the Court should not permit it, even if Mr. Young puts a proper motion before the Court.

Nor is permissive intervention under Fed. R. Civ. P. Rule 24(b)(1) available to Mr. Young, as that provision begins by requiring a timely motion, which has not been made. The

Court cannot assess the substantive considerations of the Rule until an application is properly made.

Any remaining doubt about the impropriety of Mr. Young's attempt to avoid the required procedure for intervention is resolved by paragraph (c) of Rule 24, which states: "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Rule is clear: the application cannot be made in some alternative way but must be by motion on notice under Rule 5, and it must be accompanied by a pleading setting forth the underlying claim, typically styled a "complaint in intervention." Mr. Young has not attempted to meet this requirement. He has simply ignored it.

## CONCLUSION

Because Mr. Young's counsel's purported notice of appearance is an improper attempt to avoid the requirements of Rule 24, it is void and has no force and effect. The Court should hold that Mr. Young remains a nonparty.

Dated: March 1, 2013

Respectfully submitted,

 /s/ Eugene A. Spector
Eugene A. Spector
William G. Caldes
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF
    & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 West Lake Street, Suite 400
Oak Park, IL 60301
Tel.: (708) 628-4949
Fax: (708) 628-4950

Steve W. Berman
Anthony D. Shapiro
George W. Sampson
Ivy Arai Tabbara
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

Mary Jane Fait
Theodore B. Bell
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Tel.: (312) 984-0000
Fax: (312) 984-0001

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiffs' Response to Objector Kevin Young's Notice of Appearance has been duly served on all counsel *via* ECF on March 1, 2013.

                                            /s/ Eugene A. Spector
                                              Eugene A. Spector