IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TOYS "R" US, INC., d/b/a/ Babies "R" Us, *et al.*,<br><br>        Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br><br>        Defendants. | No. 2:09-cv-06151-AB |

**MOTION FOR PRELIMINARY APPROVAL OF THIRD AMENDED
SETTLEMENT, FOR CERTIFICATION OF SETTLEMENT CLASSES
<u>AND FOR PERMISSION TO DISSEMINATE CLASS NOTICE</u>**

All Plaintiffs in the *McDonough* and *Elliott* matters ("Plaintiffs") and Defendants Toys "R" Us, Inc., Babies "R" Us, Inc., Toy "R" Us-Delaware, Inc. (collectively, "BRU" or "Babies "R" Us"), BabyBjörn AB ("BabyBjörn"), Britax Child Safety, Inc. ("Britax"), Kids Line, LLC ("Kids Line"), American Baby Products, Inc. f/k/a Maclaren USA, Inc. ("Maclaren"), Medela, Inc. ("Medela"), Peg Perego U.S.A., Inc. ("Peg Perego"), and Regal Lager, Inc. ("Regal Lager") (collectively "Defendants") have agreed to a proposed Third Amended Settlement Agreement

dated December 18, 2013 ("Amended Settlement" or "Third Amended Settlement")[1] of these cases *(McDonough* and *Elliott* will collectively be referred to as the "Litigation"). A copy of the Amended Settlement is attached to the Memorandum in support of this Motion as Exhibit 1.

For the reasons more fully set forth in the accompanying Memorandum, Plaintiffs seek preliminary approval of the Amended Settlement on behalf of the Settlement Subclasses defined below:

- "All persons who directly purchased any BabyBjörn baby carrier from Babies 'R' Us within the U.S. for the period February 2, 2000, to April 30, 2005" ("BabyBjörn Settlement Subclass");

- "All persons who directly purchased any Britax car seat from Babies 'R' Us within the U.S. for the period January 1, 1999, to January 31, 2011" ("Britax Settlement Subclass");

- "All persons who directly purchased any Maclaren stroller from Babies 'R' Us within the U.S. for the period October 1, 1999, to January 31, 2011" ("Maclaren Settlement Subclass");

- "All persons who directly purchased any Medela Pump In Style breast pump from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Medela Settlement Subclass");

- "All persons who directly purchased any Peg Perego stroller from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Peg Perego Stroller Settlement Subclass");

- "All persons who directly purchased any Peg Perego high chair from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Peg Perego High Chair Settlement Subclass");

- "All persons who directly purchased any Peg Perego car seat from Babies 'R' Us within the U.S. during the period July 1, 1999, to January 31, 2011" ("Peg Perego Car Seat Settlement Subclass"); and

- "All persons who directly purchased any Kids Line Product from Babies 'R' Us within the U.S. for the period January 1, 1999, to December 31, 2006" ("Kids Line Settlement Subclass").

---

[1] All Capitalized Terms in this Motion will have the same meaning as set forth in the Third Amended Settlement Agreement.

Under the proposed Amended Settlement, Defendants will provide significant monetary benefits to Authorized Claimants in the Settlement Classes. Defendants have paid $35.5 million in cash ("Settlement Amount") into an escrow account as a designated Settlement Fund. (*See* Amended Settlement, II ¶¶ 1(dd), 11). At Final Approval, Plaintiffs will request that the Court allocate the Net Settlement Fund among the Settlement Classes as follows:

- BabyBjörn Settlement Class: 6%
- Britax Settlement Class: 28%
- Maclaren Settlement Class: 7%
- Medela Settlement Class: 22%
- Peg Perego Stroller Settlement Class: 9%
- Peg Perego High Chair Settlement Class: 4%
- Peg Perego Car Seat Settlement Class: 3%
- Kids Line Settlement Class: 21%

("Individual Settlement Funds"). (*See* Allocation Order, Ex. F to the Amended Settlement).

Each Authorized Claimant who either files or previously filed a valid, sworn and timely Claim Form and who submits or has submitted documents that the Claims Administrator determines are valid proof of purchase and purchase price shall be entitled to a payment from the Individual Settlement Fund(s) for which he or she is eligible in the amount of 20 percent of his or her actual purchase price of each Settlement Product, subject to the pro rata reductions or enhancements. *See* Amended Settlement, ¶¶ 18-21; *see also* Claim Form and Allocation Order, Exhibits D and F, ¶ 6(a) to the Amended Settlement. Each Authorized Claimant (i) who files or previously filed a valid, sworn and timely Claim Form without proof of his or her actual purchase price, or (ii) for whom BRU has provided records of a valid proof of purchase to the

Claims Administrator shall be entitled to a payment from the Individual Settlement Fund(s) for which he or she is eligible in the amount of twenty percent (20%) of the ERP of each Settlement Product, subject to the pro rata reductions or enhancements.  (Ex. F, ¶ 6(b)).

To the extent there are portions of the Settlement Fund remaining as a result of uncashed checks, unclaimed funds or otherwise, such funds shall be paid to Defendants.  *See* Amended Settlement, ¶ 20, Ex. F, ¶¶ 13-15.  Upon such payment, coupons in a total cumulative amount up to the Final Remaining Amount paid to the Defendants shall be issued and distributed to Authorized Claimants who have cashed or deposited the portion of the Net Settlement Fund distributed to them, but who did not receive the maximum Enhanced Authorized Payment as defined in the Allocation Order.  *Id.*, Ex. F, ¶¶ 7, 11-12, 14-16, Ex. I ("Coupons").

As detailed in the accompanying Memorandum, this Amended Settlement should be preliminarily approved because Plaintiffs can establish an initial presumption of fairness.  *See* 4 Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 11:41 (4th ed. 2002) (noting that courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.").  *See also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 326 (3d Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1876, 182 L. Ed. 2d 646 (2012); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Prudential Ins. Co. of Am. Sales Practices Litig. Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998).  Because this Court's preliminary evaluation of the Amended Settlement will not disclose grounds to doubt its fairness or other obvious deficiencies, and the Amended Settlement appears to fall within the range of possible approval, the Court should direct that Notice, Publication Notice, Postcard Notice and E-Mail Notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in

opposition to the Amended Settlement.  See MANUAL FOR COMPLEX LITIGATION § 21.633 (4th ed. 2004).

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) enter the proposed Preliminary Approval Order;

(b) order that the *McDonough* and *Elliott* matters be consolidated for purposes of settlement only;

(c) preliminarily approve the parties' proposed Third Amended Settlement Agreement;

(d) certify the following Rule 23(b)(3) Settlement Subclasses for settlement purposes only:

- "All persons who directly purchased any BabyBjörn baby carrier from Babies 'R' Us within the U.S. for the period February 2, 2000, to April 30, 2005" ("BabyBjörn Settlement Subclass");

- "All persons who directly purchased any Britax car seat from Babies 'R' Us within the U.S. for the period January 1, 1999, to January 31, 2011" ("Britax Settlement Subclass");

- "All persons who directly purchased any Maclaren stroller from Babies 'R' Us within the U.S. for the period October 1, 1999, to January 31, 2011" ("Maclaren Settlement Subclass");

- "All persons who directly purchased any Medela Pump In Style breast pump from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Medela Settlement Subclass");

- "All persons who directly purchased any Peg Perego stroller from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Peg Perego Stroller Settlement Subclass");

- "All persons who directly purchased any Peg Perego high chair from Babies 'R' Us within the U.S. for the period July 1, 1999, to January 31, 2011" ("Peg Perego High Chair Settlement Subclass");

- "All persons who directly purchased any Peg Perego car seat from Babies 'R' Us within the U.S. during the period July 1, 1999, to January 31, 2011" ("Peg Perego Car Seat Settlement Subclass");

- "All persons who directly purchased any Kids Line from Babies 'R' Us within the U.S. for the period January 1, 1999, to December 31, 2006" ("Kids Line Settlement Subclass").

(e) appoint The Garden City Group, Inc. as the class action administrator;

(f) order Notice, Publication Notice, Postcard Notice and E-Mail Notice of the proposed Third Amended Settlement be given to class members; and

(g) enter the following schedule, or another schedule at the convenience of the Court for final approval proceedings:

- Class notice must be completed by April 25, 2014;

- Papers in support of final approval of the settlement and any application for incentive awards, attorneys' fees, and expenses due May 2, 2014;

- Comments in support of, or in objection to, the settlement and/or fee application due May 9, 2014;

- Responses to any objections to the settlement due May 16, 2014

- Requests for exclusion must be postmarked by or received by Claims Administrator by May 9, 2014;

- Withdrawals of requests for exclusion from the Settlement Subclasses must be postmarked by or received by Claims Administrator by May 9, 2014;

- All claims must be postmarked by or received by Claims Administrator by May 27, 2014;

- Fairness Hearing scheduled for any day on or after June 10, 2014 at the Court's convenience.

Dated:  December 18, 2013

Respectfully submitted,

s/ Eugene A. Spector
Eugene A. Spector
William G. Caldes
Jeffrey L. Spector
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 West Lake Street, Suite 400
Oak Park, IL 60301
Tel.: (708) 628-4949
Fax: (708) 628-4950

Steve W. Berman
Anthony D. Shapiro
George W. Sampson
Ivy Arai Tabbara
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel.: (206) 623-7292
Fax: (206) 623-0594

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653

**CLASS COUNSEL FOR THE SUBCLASSES**