IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, et al.,<br><br>Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOYS "R" US, INC., d/b/a Babies "R" Us, et al.,<br><br>Defendants. | No. 2:09-cv-06151-AB |

## ORDER PRELIMINARILY APPROVING THE FOURTH AMENDED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Plaintiffs in the above captioned matters (the "Litigation"), individually, and as representatives of the subclasses they represent and the Settlement Subclasses described below that they seek to represent, and Defendants Toys "R" Us, Inc., Babies "R" Us, Inc., Toys "R" Us-Delaware, Inc. (collectively, "BRU" or "Babies "R" Us"),[1] BabyBjörn AB ("BabyBjörn"), Britax Child Safety, Inc.

---

[1] Throughout this Order, the term "Babies 'R' Us" is used as a defined term for defendants Toys "R" Us, Inc., Babies "R" Us, Inc. and Toys "R" Us-Delaware, Inc. and is not a reference to the particular stores at issue. However, the Notice, Publication Notice, Postcard Notice, E-Mail Notice and Claim Form at times use the more familiar names of the stores from which Settlement Class Members could have made qualifying purchases: Babies "R" Us and Toys "R" Us.

("Britax"), Kids Line, LLC ("Kids Line"), American Baby Products, Inc. f/k/a Maclaren USA, Inc. ("Maclaren") Medela, Inc. ("Medela"), Peg Perego U.S.A., Inc. ("Peg Perego"), and Regal Lager, Inc. ("Regal Lager")[2] (collectively "Defendants") have agreed to a proposed Fourth Amended Settlement Agreement dated May 13, 2014 ("Amended Settlement" or "Amended Settlement Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which sets forth the terms and conditions for the proposed settlement of the Litigation; and the District Court having read and considered the Amended Settlement, the proposed Notice, Publication Notice, Postcard Notice and E-Mail Notice, the proposed Claim Form, the proposed form of Order and Final Judgment relating to the Amended Settlement and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and capitalized terms used herein having the meanings defined in the Amended Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1. **Consolidation**. Pursuant to Fed. R. Civ. P. 42(a), the above-captioned cases are consolidated for purposes of the Amended Settlement only.

2. **Preliminary Approval**. The terms of the Amended Settlement are hereby preliminarily approved as within the range of possible approval. Defendants have made the respective contributions to the Settlement Fund as provided in the Amended Settlement. The Settlement Fund must be maintained in escrow by the Settlement Trustees as provided for in the Amended Settlement Agreement. All proceedings in the above-captioned actions, other than those necessary to administer and evaluate the Amended Settlement pursuant to Rule 23 are hereby stayed.

3. **Certification of Settlement Subclasses**. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Amended Settlement only, the following subclasses are conditionally certified:

---

[2] The "Manufacturer Defendants" are BabyBjörn, Britax, Kids Line, Maclaren, Medela, Peg Perego, and Regal Lager.

(a) All persons who directly purchased any BabyBörn baby carrier distributed by Regal Lager from Babies "R" Us within the U.S. during the period February 2, 2000, to April 30, 2005. Plaintiffs Julie Lindemann, Melissa Nuttall, Sara Shuck, Lawrence McNally, and Stephanie Bozzo are certified as the Settlement Subclass Representatives for this Settlement Sublcass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(b) All persons who directly purchased any Britax car seat from Babies "R" Us within the U.S. during the period January 1, 1999 to January 31, 2011. Plaintiffs Melissa Nuttall, Ariel Elliott, and Kristi Monville are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(c) All persons who directly purchased any Kids Line product from Babies "R" Us within the U.S. during the period January 1, 1999 to December 31, 2006. Plaintiffs Beth Hellman and Kelly Pollock are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(d) All persons who directly purchased any Maclaren stroller from Babies "R" Us within the U.S. during the period October 1, 1999, to January 31, 2011. Plaintiffs Yossi Zarfati and Christine Brooke Logan are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(e) All persons who directly purchased any Medela Pump In Style breast pump from Babies "R" Us within the U.S. during the period July 1, 1999, to January 31, 2011. Plaintiffs Stephanie Bozzo, Darcy Trzupek, and Kristi Monville are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(f) All persons who directly purchased any Peg Perego stroller from Babies "R" Us within the U.S. during the period July 1, 1999, to January 31, 2011. Plaintiffs Stephanie Bozzo, Carol McDonough, Lawrence McNally, and Elizabeth Starkman are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(g) All persons who directly purchased any Peg Perego high chair from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Plaintiff Sarah Otazo is certified as the Settlement Subclass Representative for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(h) All persons who directly purchased any Peg Perego car seat from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Plaintiffs Lawrence McNally and Stephanie Bozzo are certified as the Settlement Subclass Representatives for this Settlement Subclass. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

4. **Preliminary Rule 23 Findings**. The District Court finds, preliminarily and for purposes of this Amended Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for each Settlement Subclass: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to each member of the Settlement Subclasses; (c) the claims of the Settlement Subclass Representatives are typical of the claims of the respective Settlement Subclasses they seek to represent; (d) the Settlement Subclass Representatives will fairly and adequately represent the interests of the respective Settlement Subclasses they seek to represent; (e) the questions of law and fact common to the members of the Settlement Subclasses predominate over any questions affecting only individual members of the Settlement Subclasses; and (f) a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. **Class Counsel**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Amended Settlement only, Hagens Berman Sobol Shapiro LLP, Spector Roseman Kodroff & Willis, P.C., and Wolf Haldenstein Adler Freeman & Herz LLC are appointed as Class Counsel for the Settlement Subclasses. Class Counsel has the authority to enter into the Amended Settlement Agreement on behalf of the Settlement Subclasses and is authorized to act on behalf of the members of the Settlement Subclasses with respect to all acts or consents required by or that may be given pursuant to the Amended Settlement Agreement or such other acts that are reasonably necessary to consummate the Amended Settlement.

6. **Claims Administrator**. The Court also appoints The Garden City Group, Inc. ("GCG") as the Claims Administrator to carry out those acts set forth in the Amended Settlement Agreement, by agreement of Class Counsel and Defendants, or as set forth in any future order of the Court.

7. **Notice**.

(a) The District Court approves the form, substance and requirements of (a) the Notice, Publication Notice, Postcard Notice and E-Mail Notice, attached hereto as Exhibits 1 through 5 respectively,[3] and (b) the Claim Form, attached as Exhibit 6. The last day to complete class notice is August 15, 2014.

(b) The form and method of notifying the Settlement Subclasses of the Settlement and its terms and conditions set forth in the Declaration of Lael D. Dowd,[4] meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitute the best notice practicable under the circumstances, and will constitute due and sufficient notice to all persons and entities entitled thereto.

---

[3] Additional but minor revisions to these notices are necessary to reflect the contents of this Order. For example, the Publication Notice must be modified to reflect the deadlines in this Order.

[4] This Declaration can be found at ECF No. 857-3 in the McDonough action and No. 150-3 in the Elliott action.

Under no circumstances will any Settlement Class Member be relieved from the terms of the Amended Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

(c) Class Counsel must cause the Notice, Publication Notice, Postcard Notice, E-Mail Notice and Claim Form, substantially in the forms annexed hereto, to be distributed as set forth in the Dowd Declaration.

(d) Class Counsel, or the Claims Administrator, also will provide electronic addressing that links to a landing page www.babyproductsantitrustsettlement.com where an electronic downloadable version of the Notice and Claim Form may be found. The Notice and Claim Form will remain on the webpage continuously until the first business day following the Claim Deadline (as defined in Paragraph 8) or until the Amended Settlement Agreement becomes Effective, whichever is later.

(e) Class Counsel must post the Notice and Claim Form on their respective websites, if practicable. The Notice and Claim Form will remain posted on Class Counsel's websites until the first business day following the Claim Deadline or until the Amended Settlement Agreement becomes Effective, whichever is later.

(f) Class Counsel must, at or before the Fairness Hearing, file with the District Court an affidavit or declaration by a competent affiant or declarant, attesting that the Notice, Publication Notice, Postcard Notice and E-Mail Notice have been disseminated and published in accordance with this Order.

8. **Claim Deadline**. In order to be entitled to participate in the Settlement Fund, as defined in the Amended Settlement Agreement, in the event the Amended Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a) Except as set forth below, a properly executed Claim Form, substantially in the form attached hereto as Exhibit 6, must be submitted to the Claims Administrator, via electronic submission, facsimile transmission, or at the Post Office Box indicated in the Notice, postmarked no later

than August 22, 2014. Such deadline may be further extended by Order of the District Court (such deadlines, as extended, the "Claim Deadline"). Each Claim Form will be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is actually received prior to the filing of a motion for an Order of the District Court approving distribution of the Settlement Fund. Any Claim Form submitted in any other manner will be deemed to have been submitted when it was actually received at the address designated in the Notice. Those Settlement Class Members who (i) previously submitted valid Claim Forms supported by documentary proof of purchase(s) in connection with the Initial Agreement in the Litigation or (ii) have been identified as Settlement Class Members by the Claims Administrator, based on the records of Babies "R" Us, need not submit a Claim Form in order to participate in the distribution of the Settlement Fund.

(b) The Claim Form submitted by each Settlement Class Member must satisfy the conditions set forth in the Amended Settlement Agreement and Notice.

(c) Once the Claims Administrator has considered a timely submitted Claim Form, the Claims Administrator must determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator must send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. If within the time provided, the Class Member cures the deficiencies identified by the Claims Administrator, and the Claims Administrator thereafter determines that the Class Member's Claim is complete, the Claims Administrator must include the Class Member in the List of Class Members who have been determined by the Claims Administrator to be eligible to receive Settlement Payments under the Allocation Order.

(d) As part of the Claim Form or for those Settlement Class Members not required to submit Claim Forms, as a condition to receipt of the benefits of the Amended Settlement, each Settlement Class Member must submit to the jurisdiction of the District Court with respect to the claim submitted.

9. **Requests for Exclusion.**

(a) Class Members will be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Subclasses in a timely and proper manner.

(b) A Class Member wishing to make such request must mail the request in written form, by first class mail, postage prepaid, and postmarked no later than August 22, 2014 to the Post Office Box address listed in the Notice. Such request for exclusion must clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement Subclasses (as defined in the Amended Settlement Agreement), and must be signed by such person. The request for exclusion will not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the District Court.

(c) Class Members requesting exclusion from the Settlement Subclasses will not be entitled to receive any payment out of the Settlement Fund as described in the Amended Settlement Agreement and Notice.

(d) Any Class Member who requested exclusion from the Settlement Subclasses for purposes of the prior proposed settlement will be deemed to have requested exclusion from the Settlement Subclasses for purposes of the Amended Settlement Agreement unless such Class Member revokes his or her request for exclusion by mailing a revocation in written form by first class mail, postage prepaid, and postmarked no later than August 22, 2014 to the Post Office Box address listed in the Notice. Such revocation must clearly indicate the name and address of the person revoking his or her request for exclusion, state that such person specifically requests to revoke his or her request for exclusion from the Settlement Subclasses (as defined in the Amended Settlement Agreement), and be signed by such person. The revocation will not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the District Court.

10. **Comments or Objections**.

(a) The District Court will consider comments and/or objections to the Amended Settlement from Settlement Class Members, only if such comments or objections and any supporting papers are served no later than August 22, 2014 upon each of the following:

Eugene A. Spector
SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel.: (215) 496-0300
Fax: (215) 496-6611

CO-LEAD COUNSEL FOR PLAINTIFFS AND
THE SETTLEMENT SUBCLASSES

Mark L. Weyman
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
Fax: (212) 521-5450

COUNSEL FOR DEFENDANTS TOYS "R" US, INC., BABIES "R" US, INC., TOYS "R" US-DELAWARE, INC.

and the objector has filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106-1797.

(b) In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and Defendants' Counsel: (i) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; and (ii) either (A) a valid Claim Form supported by documentary proof of purchase(s); or (B) if the Person objecting received a Postcard or E-mail Notice, the claim number found on that notice (subject to verification by the Claims Administrator that the Person objecting is a Settlement Class Member).[5] An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Fairness Hearing, either with or without counsel. Attendance at the hearing is not necessary; however, persons wishing to be heard orally

---

[5] If the Claims Administrator is unable to verify an objector's status as a Settlement Class Member based on the claim number provided, it will request documentary proof of purchase(s) to verify that the Person objecting is a Settlement Class Member.

in opposition to the approval of the Amended Settlement are required to indicate in their written objection their intention to appear at the hearing.

    (c) Any Settlement Class Member who fails to file and serve timely a written objection, as detailed in the Notice, will be prohibited from objecting to the approval of the Amended Settlement and will be foreclosed from seeking any review of the Amended Settlement Agreement or the terms of the Amended Settlement Agreement by appeal or other means.

    (d) Any Settlement Class Member who does not object in the manner prescribed above will be deemed to have waived all such objections and will forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Amended Settlement and the Order and Final Judgment to be entered approving the Amended Settlement.

    (e) Responses to objections must be filed by August 29, 2014.

11. **Fairness Hearing**.

    (a) All papers in support of the Amended Settlement and any application for attorneys' fees or expenses must be filed and served by August 15, 2014.

    (b) A hearing (the "Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the District Court on **Monday, October 6, 2014 at 10:30 a.m.** in Courtroom 7-B on the 7th Floor of the U.S. Courthouse, 601 Market St., Philadelphia, PA for the following purposes:

      (i) to finally determine whether this Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

      (ii) to determine whether the Amended Settlement is fair, reasonable, and adequate, and should be approved by the District Court;

      (iii) to determine whether the Final Order and Judgment Approving Settlement and Certifying Settlement Subclasses as provided under the Amended Settlement Agreement should be entered, dismissing the Litigation, on the merits and with prejudice, and to determine whether the release by the Settlement Class Members of the Releasees, as set forth in the Amended Settlement Agreement, should be ordered;

      (iv) to determine whether the Allocation Order should be entered;

(v) to consider the application of Class Counsel for an award of attorneys' fees and expenses and determine whether the Fee and Expense Order should be entered; and

(vi) to rule upon such other matters as the District Court may deem appropriate.

12. **Right to Approve**. The District Court reserves the right to approve the Amended Settlement with or without modification and with or without further notice of any kind. The District Court further reserves the right to enter its Final Order and Judgment Approving Amended Settlement and Certifying Settlement Subclasses approving the Amended Settlement Agreement and dismissing the Litigation, on the merits and with prejudice, regardless of whether it has approved the Allocation Order or Fee and Expense Order.

13. **Right to Postpone, Adjourn, or Continue**. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Subclasses.

14. **Restrictions on Class Members**. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf must not institute, commence or prosecute any action which asserts Released Claims against any of the Releasees.

15. **Unconsummated Settlement**. In the event that the Amended Settlement is not consummated pursuant to its terms, the Amended Settlement Agreement, except as otherwise provided in the Amended Settlement Agreement, including any amendment(s), and this Order Preliminarily Approving Settlement and Providing For Notice, will be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party will be restored to his, her or its respective position as it existed prior to the execution of the Amended Settlement Agreement.

16. **Jurisdiction**. The District Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Amended Settlement.

17. **Deadlines**.

- Class notice must be complete by August 15, 2014;

- Papers in support of final approval of the settlement and any application for incentive awards, attorneys' fees, and expenses due August 15, 2014;

- Comments in support of, or in objection to, the settlement and/or fee application due August 22, 2014;

- Responses to any objections to the settlement due August 29, 2014;

- Requests for exclusion must be postmarked by or received by Claims Administrator by August 22, 2014;

- Withdrawals of requests for exclusion from the Settlement Subclasses must be postmarked by or received by Claims Administrator by August 22, 2014;

- All claims must be postmarked by or received by Claims Administrator by August 22, 2014;

- Fairness Hearing scheduled for October 6, 2014 at 10:30 a.m.

**SO ORDERED.**

Dated: 5/14/14

_____
Judge Anita Brody

Copies **VIA ECF** on _____ to:         Copies **MAILED** on _____ to:

O:\ABB 2014\A - K\Babies R US Prelim. Approval Order.docx

# Exhibit 1